STUART, Justice.
David Bennett and Bennett & Bennett Construction, Inc. (hereinafter referred to collectively as “Bennett”), appeal the trial court’s denial of their motion to compel arbitration of the claims alleging fraud in the inducement and the tort of outrage brought against them by Barbara and Leotes Skinner. We reverse and remand.

Facts

The Skinners entered into a construction-services contract with Bennett, pursuant to which Bennett was to renovate and remodel their residence located in Oxford. The contract contained an arbitration clause, which provided:
“Any and all claims, disputes and other matters in question between [the Skinners and Bennett & Bennett Construction] arising out of or related to the contract or breach thereof, shall be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the mediation rule[s] of the American Arbitration Association. Claims not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect.”
After disagreements developed between the Skinners and Bennett, the Skinners sued Bennett, alleging claims of breach of contract; breach of warranty; fraud in the inducement; assault and battery; the tort of outrage; and negligence, wantonness and recklessness.[1] Bennett moved to compel arbitration of all claims, arguing that, because each of the claims alleged by the Skinners arose from the construction-services contract or were related to the construction-services contract or to an alleged breach thereof, the claims were subject to arbitration. In support of the motion, Bennett submitted a copy of the executed construction-services contract.
The Skinners responded, arguing that their agreement to the arbitration clause in the contract was obtained fraudulently. In support of their objection, they attached the affidavit of Barbara Skinner, who averred:
“On April 1, 2010, David W. Bennett, the President of Bennett & Bennett Construction, Inc., ... met with me regarding a contract to do some remodeling work on a house. At the time, my husband, Leotes Skinner, was in very poor health. Leotes and I had several concerns about the draft of the contract we had been presented with. I asked my son-in-law Tim Henderson, who is an attorney, to take a look at the contract and make suggestions about any changes or additions I should ask about. He made notes on the draft we were presented with and a copy with his notes is attached to [our] response to [Bennett’s] motion to compel.
“One thing I was concerned about was the supervision of the workers Mr. Bennett was going to hire to perform the work. I wanted language added to paragraph 7 of the contract which would require Mr. Bennett to personally oversee the work on a daily basis. I told Mr. Bennett that I wanted a representation that he would be present daily to oversee his workers and on April 1, 2010, he told me that I should not worry *1142 about that and that he would take care of it.
“Another concern I had was with paragraph 11, which is the [arbitration clause. On April 1, 2010, before signing the contract, I told Mr. Bennett I was not comfortable agreeing to that. Mr. Bennett again told me not to worry about it, that everything would be taken care of and that arbitration would not be necessary.
“But for Mr. Bennett’s assurances that my concerns would be taken care of, I would not have signed the contract with him and his company.”
After conducting a hearing, the trial court entered an order stating:
“After argument and careful consideration of the law, the Court finds that [the Skinners] executed a contract requiring arbitration; that said contract was executed after consultation with an attorney; and that said contract is due to be enforced. Therefore, it is hereby ORDERED, ADJUDGED, and DECREED that [Bennett’s] motion to compel arbitration is granted as to the issues of breach of contract and breach of warranty. All remaining counts of fraud, assault and battery, and outrage, shall proceed to a trial by jury.”
(Capitalization in original.)
Bennett moved to alter, amend, or vacate that aspect of the trial court’s order refusing to compel arbitration of the claims of fraud in the inducement and the tort of outrage. Bennett maintained that these claims were subject to arbitration. The fraud-in-the-inducement claim is subject to arbitration because, he argued, it was directed toward the entire contract and not toward the arbitration clause, and he cited Harold Allen’s Mobile Home Factory Outlet, Inc. v. Early, 776 So.2d 777, 782 (Ala.2000), for the proposition that “ ‘[w]hen a claim of fraud in the inducement is directed toward the arbitration clause itself, the issue is adjudicated by the court,’ but ‘when a claim of fraud in the inducement is directed toward the entire contract, ... the issue is subject to arbitration.’ ” (Quoting Investment Mgmt. & Research, Inc. v. Hamilton, 727 So.2d 71, 78 (Ala.1999).). Bennett further argued that the tort-of-outrage claim arises out of a disagreement concerning the construction-services contract and that the Skinners should not be allowed to avoid arbitration because they cast their claim as a tort. The trial court denied Bennett’s motion. Bennett appeals from that aspect of the trial court’s order denying its motion to compel arbitration of these claims.

Standard of Review

The denial of a motion to compel arbitration is reviewed de novo. Olshan Found. Repair Co. of Mobile, LP v. Schultz, 64 So.3d 598, 601 (Ala.2010).

Discussion

Initially, we note that the Skinners did not appeal the trial court’s determination that the arbitration clause contained in the construction-services contract is enforceable and that Bennett does not appeal the trial court’s determination that the Skinners’ claim of assault and battery is a proper claim for determination by a jury. The sole issue presented to this Court is whether the Skinners’ fraud-in-the-inducement and tort-of-outrage claims are subject to arbitration. We will address each claim in turn.
Bennett contends that the Skinners’ claim of fraud in the inducement is subject to arbitration because, it says, the claim arises directly from the construction-services contract or is related to the construction-services contract generally and not to the arbitration clause. In Johnson Mobile Homes of Alabama, Inc. v. Hatlv *1143 cock, 855 So.2d 1064, 1067-68 (Ala.2003), this Court stated: “‘“[A]ny claims as to fraud in the inducement of the contract generally ... are subject to arbitration.” ’ Quality Truck & Auto Sales, Inc. v. Yassine, 730 So.2d 1164,1168 (Ala.1999) (quoting Ex parte Lorance, 669 So.2d 890, 892 (Ala.1995)).”
In count three of the complaint, the Skinners alleged:
“On or about March 16, 2010, [the Skinners and Bennett] were negotiating regarding the construction work to be done at [the Skinners’] property [in] ... Oxford....
“At that time [Bennett] represented to [the Skinners] that Defendant David Bennett would personally oversee the work to be done by being physically present at the job site on a daily basis and that [Bennett] possessed all the necessary licenses and certifications necessary to perform said work.
“Said representations were false and [Bennett] knew they were false and made such representations with the intention of inducing [the Skinners] to enter into a contract.
“[The Skinners] believed the said representations and relied on them and acted upon them by entering into a contract for construction work with [Bennett].
“As a proximate result of said fraud, [the Skinners] were caused to suffer financial, mental, and emotional injury because they have not been able to enjoy the use of the residence [Bennett] promised to repair and renovate.
“[The Skinners] claim punitive damages of [Bennett] because of the intentional or gross and reckless nature of the fraud.”
The Skinners maintain that they were fraudulently induced to enter into the construction-services contract by misrepresentations they allege were made by David Bennett concerning supervision over the work to be performed on their house. The arbitration clause in the construction-services contract provides that the Skinners agreed to arbitrate “[a]ny and all claims, disputes and other matters in question ... arising out of or related to the contract or breach thereof.” Accordingly, the arbitration agreement binds the Skinners to arbitrate their fraudulent-inducement claim.
Bennett further contends that the trial court erred in refusing to compel arbitration on the Skinners’ tort-of-outrage claim because, it says, the claim arises out of a disagreement concerning the construction-services contract.
It is well established
“ ‘ “ ‘that a party may not avoid broad language in an arbitration clause by attempting to cast its complaint in tort rather than contract.’ ” ’ ECS, Inc. v. Goff Group, 880 So.2d 1140, 1147 (Ala.2003)(quoting Beaver Constr. Co. v. Lakehouse, L.L.C., 742 So.2d 159, 165 (Ala.1999), quoting in turn McBro Planning & Dev. Co. v. Triangle Elec. Constr. Co., 741 F.2d 342, 344 (11th Cir.1984)).”
SCI Alabama Funeral Sens., Inc. v. Lanyon, 896 So.2d 495, 498 (Ala.2004).
In count five of their complaint, the Skinners allege:
“In failing to uphold [its] obligations with regard to the contract at issue in this case, [Bennett] intentionally or recklessly caused [the Skinners] to suffer emotional distress. [Bennett’s] shoddy attempt to fulfill [its] obligations to [the Skinners] failed to correct the problems with [the Skinners’] residence, caused further damage to it, and [has] prevented [the Skinners] from enjoying the use of their home ..., a home in which [the Skinners] are thoroughly emotionally invested.
“[Bennett’s] said actions toward [the Skinners] were so outrageous in charac *1144 ter, and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.
“The emotional distress that [Bennett] caused [the Skinners] to suffer was so severe that no reasonable person could be expected to endure it.
“[The Skinners] claim punitive damages of [Bennett].”
The Skinners’ tort-of-outrage claim arises out of Bennett’s alleged failure “to uphold [its] obligations with regard to the contract at issue.” Accordingly, the claim arises out of a disagreement concerning the construction-services contract and thus is a proper claim for arbitration.
In their brief on appeal, the Skinners “posit that some clarification is needed as to whether or not proceedings on the assault and battery count may commence without need to wait on the pending arbitration of the other counts.” Nothing in the record before us indicates that the issue whether to grant a stay has been presented to the trial court. Therefore, it is not properly preserved for our review. Allsopp v. Bolding, 86 So.3d 952, 962 (Ala.2011) (“An issue may not be raised for the first time on appeal.”).

Conclusion

Based on the foregoing, the trial court erred in refusing to compel arbitration of the claims of fraud in the inducement and the tort of outrage. Therefore, that aspect of the judgment of the trial court is reversed, and this case is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
MALONE, C.J., and PARKER, SHAW, and WISE, JJ., concur.

. The record is unclear as to the disposition of the claim alleging negligence, wantonness, and recklessness.