# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2247

_____

Eckert/Wordell Architects, Inc., a Michigan corporation; Eckert Wordell, LLC, a Michigan limited liability company

*Plaintiffs - Appellants*

West-Tech Design, Inc., a Michigan corporation

*Plaintiff*

v.

FJM Properties of Willmar, LLC, a Minnesota limited liability company

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: May 13, 2014
Filed: June 30, 2014

_____

Before BYE, MELLOY, and BENTON, Circuit Judges.

_____

BYE, Circuit Judge.

Eckert/Wordell Architects, Inc., and Eckert Wordell, LLC (together "Eckert Wordell"), appeal the district court's[1] grant of summary judgment to FJM Properties of Willmar, LLC.  The grant of summary judgment, in effect, compels the parties to submit to an arbitrator the threshold issue of whether FJM Properties of Willmar, LLC, may use an arbitration provision in a contract it did not sign to compel Eckert Wordell to arbitrate.  We affirm.

I

In June 2003, Fischer Laser Eye Center, LLC ("Fischer"), purchased land as the eventual site of a proposed clinic.  Two months later, Fischer hired Eckert Wordell to design and build the clinic.  Eckert Wordell drafted the architectural services contract.  In pertinent part, the contract indicates the signing entities intended to submit "[a]ny claim, dispute, or other matter in question arising out of or related to [the contract]" to arbitration.  The contract also incorporated the Construction Industry Arbitration Rules of the American Arbitration Association ("AAA Rules") therein.

In 2005, the shareholders of Fischer formed a separate corporation, Family Eye Properties, LLC, for the purposes of owning and developing the land for the proposed clinic.  Fischer transferred title to the property to Family Eye Properties, LLC.

Sometime between 2005 and 2009, Family Eye Properties, LLC, changed its name to FJM Properties of Willmar, LLC ("FJM Properties").  In 2009, FJM Properties filed notice of claim against Eckert Wordell regarding the clinic's ventilation system.  FJM Properties filed a demand for arbitration with the American Arbitration Association ("AAA") and, to preserve its rights, also filed suit in state

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

court. Eckert Wordell brought a third-party claim against West-Tech Design, Inc. (West-Tech), with which it had subcontracted to design the HVAC system.

Shortly after the demand for arbitration was filed with the AAA, FJM Properties and Eckert Wordell agreed to have their dispute decided by a privately-chosen arbitrator. The parties selected an arbitrator and proceeded to discovery in April of 2011, for a hearing scheduled for May of 2012.

On April 5, 2012, Eckert Wordell notified the arbitrator it would no longer participate in the arbitration, claiming it had recently discovered FJM Properties was not a signatory to the architectural services contract. Eckert Wordell claimed it had no agreement with FJM Properties requiring it to arbitrate disputes and, therefore, the arbitrator did not have subject matter jurisdiction.

The arbitrator concluded the terms of the architectural services contract committed the threshold issue of arbitrability to an arbitrator to decide. The arbitrator directed the parties to proceed with the arbitration, in which they could submit arguments regarding whether they were required to arbitrate.

On April 18, 2012, Eckert Wordell and West-Tech filed this suit, seeking a declaratory judgment the architectural services contract did not require arbitration of the dispute with FJM Properties. The parties filed competing motions for summary judgment. The district court granted summary judgment in favor of FJM Properties, reasoning the contract had committed to the arbitrator the issue of whether FJM Properties, as a non-signatory, could use the arbitration provision to compel signatory Eckert Wordell to arbitrate. As a result, the district court dismissed the case in favor of arbitration. Eckert Wordell appeals, challenging the grant of summary judgment to FJM Properties.

## II

On appeal, Eckert Wordell contends the district court erred in granting summary judgment to FJM Properties, arguing a court should decide the issue of whether nonsignatory FJM Properties can enforce the arbitration provision against signatory Eckert Wordell. We review de novo a district court's decision to dismiss in favor of arbitration. Donaldson Co., Inc. v. Burroughs Diesel, Inc., 581 F.3d 726, 731 (8th Cir. 2009).

Whether a particular arbitration provision may be used to compel arbitration between a signatory and a nonsignatory is a threshold question of arbitrability. See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84-85 (2002) (delineating potentially dispositive threshold issues between "questions of arbitrability" and "procedural questions"). We presume threshold questions of arbitrability are for a court to decide, unless there is clear and unmistakable evidence the parties intended to commit questions of arbitrability to an arbitrator. Id. at 83; Express Scripts, Inc. v. Aegon Direct Mktg. Servs., Inc., 516 F.3d 695, 701 (8th Cir. 2008). We have previously held the incorporation of the AAA Rules into a contract requiring arbitration to be a clear and unmistakable indication the parties intended for the arbitrator to decide threshold questions of arbitrability. See Green v. SuperShuttle Int'l, Inc., 653 F.3d 766, 769 (8th Cir. 2011) (noting the AAA Rules empower the arbitrator to determine his or her own jurisdiction over a controversy between the parties). Eckert Wordell's drafting of the architectural services contract here to incorporate the AAA Rules requires the same result.

## III

The judgment of the district court is affirmed.

_____