SHAW, Justice
(concurring in part and concurring in the result).
I concur as to Part I of the main opinion. As to Part II, I concur in the result.
The Practiee-Monroeville, P.C. (“the Practice”), agreed that “any dispute or claim arising out of, or in connection with,” the contract it entered into with Allscripts Healthcare, LLC (“Allscripts”), would be settled in arbitration under the rules of the American Arbitration Association. As part of that agreement, the Practice also agreed that issues of arbitrability, which include whether a nonsignatory to the contract can enforce the arbitration provision included in the agreement, would be decided by an arbitrator. See Eckert/Wordell Architects, Inc. v. FJM Props. of Willmar, LLC, 756 F.3d 1098 (8th Cir.2014).
Eric Anderton and Jackson Key Practice Solutions, LLC, argue that their dispute with the Practice is a “dispute or claim” under the Practice’s contract with Allscripts. The court' must first perform a necessary “gate-keeping function” before compelling arbitration: it must determine whether the party resisting arbitration has agreed in its contract to allow the arbitrator to decide whether a nonsignatory to the contract can enforce its arbitration provision. Here, it is the function of the court to determine whether the Practice agreed that an arbitrator could decide whether Anderton and Jackson Key could take their claims against the Practice to arbitration. The Practice has the freedom to enter into a contract that calls for the arbitrator, instead of the trial court, to make this decision.