STUART, Justice.
Federal Insurance Company appeals the order of the Márshall Circuit Court denying its motion to compel arbitration of the breach-of-contract claim asserted against it by Kert Reedstrom. We reverse and remand.
I.
In 2008, Reedstrom entered into a written employment agreement with Marshall-Jackson Mental Health Board, Inc., d/b/a Mountain Lakes Behavioral Healthcare (“MLBHC”), to begin serving as its executive director in Gúntersville. During the course of Reedstrom’s employment with MLBHC, MLBHC held an executive-liability, entity-liability, and employment-prac *973 tices-liability policy issued by Federal Insurance (“the Federal Insurance policy”) that generally protected certain MLBHC officers and employees described as “insureds” in the policy from loss for actions committed in the course of their employment with MLBHC.. It is undisputed that Reedstrom was in fact an “insured” covered by the Federal Insurance policy. The Federal Insurance policy contained the following arbitration provision:
“Any dispute between any insured and [Federal Insurance] based upon, arising from, or in consequence of any actual or alleged coverage under this' coveragé section, or the validity, termination or breach of this coverage section, including but not limited to any dispute sounding in contract or tort, shall' be submitted to binding arbitration.
“[MLBHC], however, shall first have the option’to resolve the disputé by nonbinding mediation pursuant to such rules and procedures, and using such mediator, as the parties may agree. If' the parties cannot so agree, the mediation shall be administered by the American Arbitration Association pursuant to its then prevailing commercial mediation rules.
“If the parties cannot resolve the dispute by non-binding mediation, the parties shall submit the dispute to binding arbitration pursuant to the then-prevailing commercial arbitration rules of the American Arbitration Association, except that the arbitration panel shall consist of, one arbitrator selected by the insureds, one arbitrator selected by [Federal Insurance], and a third arbitrator selected by the first two arbitrators.”
A separate endorsement to the Federal Insurance policy further highlighted the arbitration provision and explained that its effect was that any disagreement related to coverage would be resolved by arbitration and not in a court of law.
In July 2010, MLBHC terminated Reedstrom’s employment and, in December 2010, Reedstrom sued MLBHC in the Marshall Circuit Court alleging that MLBHC’s termination of his employment constituted a breach of his employment contract. Subsequently, MLBHC asserted various counterclaims against Reedstrom based on his alleged misconduct while serving as executive director. Thereafter, Reedstrom gave Federal Insurance notice of the claims. asserted against him and requested coverage under the terms of the Federal Insurance policy. Federal Insurance ultimately denied his claim, however,' and refused to provide him with counsel to defend against MLBHC’s claims.
•In May 2014, Reedstrom and MLBHC’s claims were the subject of a jury trial, at the conclusion of which the jury returned a verdict awarding Reedstrom $150,000 on his claim against MLBHC and awarding-MLBHC $60,000 on its claims against Reedstrom. Consistent with its previous denial of his request for coverage, Federal Insurance refused Reedstrom’s request to satisfy the judgment entered against him.
On September 17⅜ 2014, Reedstrom sued Federal Insurance, asserting one claim of breach of contract and seeking $72,000 in damages — $60,000 based on the judgment entered against him and $12,000 for the attorney fees he incurred in defending those claims. On November 7, 2014, Federal Insurance moved the trial court to compel the arbitration of Reedstrom’s claim based on the arbitration provision in the Federal Insurance policy that Reedst-rom was alleging had been breached. Reedstrom opposed the motion and, on May 20, 2015, the trial court conducted a hearing to consider the parties’ arguments relating to arbitration. On June 16, 2015, the trial court denied Federal- Insurance’s *974 motion to compel arbitration, and, on July 27, 2015, Federal Insurance appealed that judgment to this Court pursuant to Rule 4(d), Ala. R. App. P.
II.
Our standard of review of a ruling denying a motion to compel arbitration is well settled:
“ ‘This Court reviews de novo the denial of a motion to compel arbitration. Parkway Dodge, Inc. v. Yarbrough, 779 So.2d 1205 (Ala.2000). A motion to compel arbitration is analogous to a motion for a summary judgment. TranSouth Fin. Corp. v. Bell, 739 So.2d 1110, 1114 (Ala.1999). The party seeking to' compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that the contract evidences a transaction affecting interstate commerce. Id, “[A]fter a motion to compel arbitration has been made and supported, the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question.” Jim Burke Automotive, Inc. v. Beavers, 674 So.2d 1260, 1265 n. 1 (Ala.1995) (opinion on application for rehearing).’”
Elizabeth Homes, L.L.C. v. Gantt, 882 So.2d 313, 315 (Ala.2003) (quoting Fleetwood Enters., Inc. v. Bruno, 784 So.2d 277, 280 (Ala.2000)).
m.
It is undisputed that there exists a contract calling for arbitration — the Federal Insurance policy — and that that contract evidences a transaction affecting interstate commerce. Inasmuch as Federal Insurance established these undisputed facts when moving the trial court to compel arbitration, the burden of proof shifted to Reedstrom to establish that the arbitration provision in the Federal Insurance policy was either invalid or did not apply to his dispute with Federal Insurance. The trial court did not, in its order denying Federal Insurance’s motion to compel arbitration, articulate the rationale for that denial; however, Reedstrom argues to this Court that the denial was proper because (1) Federal Insurance allegedly waived its right to invoke the arbitration provision in the Federal Insurance policy and (2) Reedstrom was not a signatory to the Federal Insurance policy. Federal Insurance argues that there is no merit to either of those arguments; however, it also argues that, to the extent the trial court even considered those arguments, the trial court erred because, pursuant to the arbitration provision in the Federal Insurance policy, issues of arbitrability were to be decided by the arbitrators, not a trial court.
In Anderton v. Practice-Monroeville, P.C., 164 So.3d 1094, 1098-1102 (Ala.2014), we recognized the general rules that apply in arbitration cases providing that both waiver and nonsignatory issues of the type raised by Reedstrom should be resolved by the trial court before the underlying dispute is sent to arbitration if, in fact, arbitration is ultimately determined to be the proper forum for the dispute. However, we also recognized that these general rules have their exceptions. With specific regard to the waiver issue, we stated:
“As a threshold matter, we address whether the waiver issue is one for the circuit court or the arbitrator to decide. This Court has stated that ‘the issue whether a party has waived the right to arbitration by its conduct during litigation is a question for the court and not the arbitrator.’ Ocwen Loan Servicing, LLC v. Washington, 939 So.2d 6, 14 (Ala.2006). However, the general rule that the court and not the arbitrator *975 decides whether a party has waived the right to arbitration has an exception: issues typically decided by the court will be decided by the arbitrator instead when there is ‘ “clear and unmistakable evidence” ’ of such an agreement in the arbitration provision. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S.Ct. 1920,. 131 L.Ed.2d 985 (1995) (quoting AT & T Techs., Inc. v. Communications Workers of America, 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (alterations omitted)); see also Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 14 (1st Cir. 2005) (citing First Options).”
Anderton, 164 So.3d at 1098 (footnote omitted).[1] The Anderton Court thereafter addressed the nonsignatory issue as well, stating:
“The question whether an-arbitration provision may be used to compel arbitration of a dispute between a nonsignatory and a signatory is a question of substantive arbitrability (or, under the Supreme Court’s terminology, simply ‘arbitrability5). In First Options [of Chicago, Inc. v. Kaplan], 514 U.S. [938,] 943-46 [(1995)], the Supreme Court analyzed the question whether an arbitration agreement binds a nonsignatory as a question of arbitrability. See also Howsam [v. Dean Witter Reynolds], 537 U.S. [79,] 84 [(2002)] (noting that in First Options the Supreme Court held that the question Vhether the arbitration contract bound parties who did not sign the agreement’ is a question of arbitrability for a court to decide). More recently, the United States Court of Appeals for the Eighth Circuit succinctly addressed the threshold issue before us. In Eckert/Wordell Architects, Inc. v. FJM Properties of Willmar, LLC, 756 F.3d 1098. (8th Cir.2014), a nonsignatory sought to compel arbitration of a dispute with a- signatory, as in this case. The court stated: .
“‘Whether a particular arbitration provision may be used to compel arbitration between a signatory and a nonsignatory is a threshold question of arbitrability. See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84-85, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) (delineating potentially disposi-tive threshold issues betweén “questions of arbitrability” and “procedural questions”).- We presume threshold questions of arbitrability are for a court to decide, unless there is clear and unmistakable evidence the parties intended to commit questions of arbi-trability to án arbitrator. Id. at 83, 123 S.Ct. 588; Express Scripts, Inc. v. Aegon Direct Mktg. Servs., Inc., 516 F.3d 695, 701 (8th Cir.2008). We have previously held the incorporation of the AAA [American Arbitration Association] Rules into a contract requiring arbitration to be a clear and unmistakable indication the parties intended for the arbitrator to decide threshold questions 'of arbitrability.... Eckert Wordell’s drafting of the architectural services contract here to incorporate the AAA Rules requires the same result.’
“756 F.3d at 1100. See also Knowles v. Community Loans of America, Inc. (No. 12-0464-WS-B, Nov. 20, 2012) *976 (S.D.Ala.2012) (not reported in F.Supp.2d) (‘A question as to “whether the arbitration contract bound parties who did not sign the agreement” is one that “taises a‘question of arbitrability’ for a court to • decide.” ’ (quoting Howsam, 537 U.S. at 84))-. ■
“Like the Eighth Circuit, we have held.‘that an arbitration provision that incorporates rules that provide for the arbitrator to decide issues of arbitrability clearly and unmistakably evidences the parties’ intent to arbitrate, the scope of the arbitration provision.’ CitiFinancial Corp. v. Peoples, 973 So.2d 332, 340 (Ala.2007). See also Joe Hudson Collision Ctr. v. Dymond, 40 So.3d 704, 710 (Ala.2009) (concluding that, an arbitrator decides issues of substantive arbitrability when the arbitration provision incorporated. the same AAA- rule as in the present case); and Wells Fargo Bank, N.A. v. Chapman, 90 So.3d 774, 783 (Ala.Civ.App.2012) (same). The relevant AAA rule incorporated by.the arbitration provision provides: ‘The arbitrator shall have the power to.rule on his or her own jurisdiction, including any objections with respect to the existence, scope : or validity of the arbitration agreement.’ Thus, although the question whether an arbitration provision may be used to compel arbitration between a signatory and a nonsignatory is a threshold question of arbitrability usually decided by the court, here that question has been delegated to the arbitrator. The arbitrator, not the court, must decide that threshold issue.”
164 So.3d at 1101-02. Thus, the law in Alabama is such that a trial court considering a motion to compel arbitration should resolve -both waiver and nonsignatory issues unless the1 subject arbitration provision clearly and unmistakably indicates that those arguments should instead be submitted to the arbitrator.
Like the arbitration agreement in Anderton, the arbitration provision in this case provides that any arbitration proceedings will be conducted “pursuant to the then-prevailing commercial arbitration rules of the American Arbitration Association.” The relevant commercial arbitration rule, Rule 7(a), expressly provides, in its current form, that “[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.” See Chris Myers Pontiac-GMC, Inc. v. Perot, 991 So.2d 1281, 1284 (Ala.2008) (noting that we may take judicial notice of the commercial arbitration rules of the American Arbitration Association even when they do not appear in the record). Thus, pursuant to Rule 7(a), both the question of whether Federal Insurance has. waived its right to enforce the arbitration provision and the question of whether the arbitration provision may be enforced against a nonsignatory such as Reedstrom have been delegated to the arbitrators, and the arbitrators, not the trial court, must decide those threshold issues. Accordingly, the trial court erred to the extent it considered those issues and resolved them adversely to Federal Insurance so as to justify denying Federal Insurance’s motion to compel arbitration.[2]
IV.
Federal Insurance has appealed the order of the trial court denying its motion to *977 compel arbitration of the breach-of-contract claim asserted against it by Reedst-rom. The trial court did not articulate its rationale for denying the. motion to compel arbitration; however,.the denial was apparently-based on the court’s resolving at least one of the arbitrability issues- raised by Reedstrom in his favor and against Federal Insurance. However, because the subject arbitration provision delegated to the arbitrators the authority to resolve such issues, the trial court: erred by considering the waiver and nonsignatory issues raised by. Reedstrom instead of granting the motion to compel arbitration and allowing the arbitrators to resolve those issues. Accordingly, the judgment of the trial court is reversed and the cause remanded for the trial court to enter an order granting Federal Insurance’s motion to compel arbitration.
REVERSED AND REMANDED.
BOLIN, SHAW, MAIN, WISE, and BRYAN, JJ., concur.
MOORE, C.J., and PARKER and. MURDOCK, JJ., dissent.

. Although this Court in Anderton held that an arbitrator should decide whether a party has waived its right to arbitration if the arbitration provision clearly and unmistakably indicates that the parties agreed that the arbitrator should make that decision, the Anderton Court ultimately declined to consider whether the parties in that case had made such an agreement because the appellants had failed to raise that issue in a timely manner. 164 So.3d at 1098-99.

. It is unnecessary for us to consider whether ■ the trial court correctly resolved the waiver and nonsignatory issues because it was error for the court to consider those issues at all. Accordingly, we express no opinion on the ultimate merits of Reedstrom’s arguments opposing the motion to compel arbitration; that determination is for the arbitrators to make.