BRYAN, Justice.
Regions Bank (“Regions”) appeals from an order of the Madison Circuit Court denying its motion to compel arbitration. We reverse and remand.
In October 2011, Mary N. Rice opened both a savings account and a checking account with Regions. Rice opened each account by signing a one-page signature card indicating that she was agreeing to certain terms. Among other things, the signature cards provide: “By signing below, I ... (a) agree to be bound by the terms of [Regions’] Deposit Agreement ... [and] (b) acknowledge receipt of a copy of the applicable Deposit Agreement.” The deposit agreement referenced by the signature cards contains a broad arbitration provision giving either party the option of arbitrating “any controversy, claim, counterclaim, dispute or disagreement” between them. The arbitration provision also contains a provision (“the delegation provision”) requiring an arbitrator to decide any threshold dispute regarding the arbitrability of a particular controversy-
In March 2015, Rice sued Regions, alleging that Regions was liable for a fall she suffered on Regions’ premises. Regions filed a motion to compel arbitration, citing the arbitration provision in the deposit agreement. Rice opposed the motion to compel arbitration, arguing that her claim is not arbitrable. Specifically, Rice argued that her claim is beyond the scope of the arbitration provision. She also argued that the arbitration provision is invalid, void, or unenforceable because, she said, she did not have an opportunity to read the arbitration provision before she signed the signature cards, the signature cards “included” the arbitration provision by reference rather than including it in the document she signed, and the arbitration provision is unconscionable. In response, Regions argued that, under the delegation provision, an arbitrator must decide the threshold issues of arbitrability raised by Rice in opposing arbitration. Regions also addressed the merits of Rice’s argument *1110 regarding arbitrability, arguing that her claim against it is arbitrable.
The trial court denied the motion to compel arbitration, without stating a reason. Regions appealed pursuant to Rule 4(d), Ala. R.App. P., which authorizes an appeal from an order either granting or denying a motion to compel arbitration. Rice did not file a brief on appeal. We review de novo the denial of the motion to compel arbitration. Bennett v. Skinner, 98 So.3d 1140, 1142 (Ala.2012).
Before the trial court, the parties disputed the validity and scope of the arbitration provision; initially, we must determine the “gateway” issue of “who decides” those arbitrability issues — the trial court or the arbitrator. This Court has explained the general rule regarding such gateway issues of arbitrability:
“ ‘In ruling on a motion to stay judicial proceedings following a request for arbitration, the court is required to decide matters of “substantive arbi-trability,” that is, (1) whether a valid agreement to arbitrate exists and, if so, (2) whether the specific dispute falls within the scope of that agreement. Dean Witter [Reynolds, Inc. v. McDonald], 758 So.2d [539,] 542 [ (Ala.1999) ]. “Procedural arbitrability,” on the other hand, involves questions that grow out of the dispute and bear on its final disposition, e,g., defenses such as notice, laches, estoppel, and other similar compliance defenses; such questions are for an arbitrator to decide. See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) (“ ‘ “procedural” questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide’ ”); John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964)(holding that an arbitrator should decide whether the steps of a grievance procedure were completed, where those steps were prerequisites to arbitration).’
“Brasfield & Gorrie, L.L.C. v. Soho Partners, L.L.C., 35 So.3d 601, 604-05 (Ala.2009). To clarify, we note that the United States Supreme Court has referred to questions of ‘substantive arbi-trability” as simply ‘questions of arbi-trability” and questions of ‘procedural arbitrability’ as ‘procedural questions.’ Howsam, 537 U.S. at 83.”
Anderton v. Practice-Monroeville, P.C., 164 So.3d 1094, 1101 (Ala.2014).
Thus, disputes regarding the validity and scope of an arbitration provision (like the dispute here) are issues of substantive arbitrability, and generally such issues are decided by a court. However, there is an important exception to that general rule. Gateway questions of substantive arbitrability may be delegated to the arbitrator if the delegation is clear and unmistakable. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) (citing AT & T Techs., Inc. v. Communications Workers of America, 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)); see, e.g., Anderton, 164 So.3d at 1100-02 (applying such a delegation provision); and Federal Ins. Co. v. Reedstrom, 197 So.3d 971, 972 (Ala.2015) (same). The United States Supreme Court has long recognized that parties may agree to such a delegation provision, which is severable from the underlying agreement to arbitrate. Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 68-69, 78-79, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010). “[Parties can agree to arbitrate ‘gateway’ questions of ‘arbitrability,’ such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy.” Rent-A-Center, 561 U.S. at *1111 68-69. Succinctly stated, questions of substantive arbitrability are decided by a court unless the parties clearly and unmistakably provide otherwise.
If the parties have clearly and unmistakably delegated questions of substantive arbitrability to the arbitrator, the court’s role is narrow. If a party challenges the validity of the delegation provision itself, the court “must consider the challenge before ordering compliance with” the delegation provision. Rent-A-Center, 561 U.S. at 71. However, “unless [a party] challenged the delegation provision specifically, [the court] must treat it as valid ... and must enforce it ... leaving any challenge to the validity of the [arbitration] Agreement as a whole for the arbitrator.” 561 U.S. at 72. Because a delegation provision is severable from the other contract provisions, it will be enforced unless it is specifically challenged. 561 U.S. at 71-72 (enforcing a delegation provision when there was no specific challenge to that provision but a challenge to the entire arbitration provision on the ground of unconscionability).
In this case, the delegation provision clearly and unmistakably delegates questions of substantive arbitrability to the arbitrator. The delegation provision states: “Any dispute regarding whether a particular controversy is subject to arbitration, including any claim of unconscion-ability and any dispute over the enforceability, scope, reach or validity of this agreement to arbitrate disputes or of this entire Agreement, shall be decided by the arbitrator(s).” Regions invoked the delegation provision after Rice argued that her claim is not arbitrable. Although Rice challenged the validity of the arbitration provision as a whole, she has not specifically challenged the delegation provision. Because Rice has not “challenged the delegation provision specifically, [the court] must treat it as valid ... and must enforce it ... leaving any challenge to the validity of the [arbitration provision] as a whole for the arbitrator.” Rent-A-Center, 561 U.S. at 72. Pursuant to the delegation' provision, the arbitrator must resolve the disputed issue whether Rice’s claim is arbi-trable under the arbitration provision.
Accordingly, the trial court erred in denying the motion to compel arbitration. We therefore reverse the order and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
STUART, BOLIN, PARKER, SHAW, MAIN, and WISE, JJ., concur.
MURDOCK, J., dissents.