PARKER, Justice (dissenting).
I dissent for the reasons set forth in Justice Murdock's dissent in Federal Insurance Co. v. Reedstrom, 197 So.3d 971, 979-81 (Ala. 2015) (Murdock, J., dissenting), which I joined. The main opinion concludes that the arbitration provision dictates that the question of arbitrability is to be decided by the arbitrator because the arbitration provision generally states that the Commercial Rules of the American Arbitration Association ("the AAA") would govern any arbitration proceedings in this case. However, such a general reference to the AAA's rules is not an indication that the parties have "clearly and unmistakably" agreed to deviate from the general rule-that questions of arbitrability be decided by the court-and instead to have the arbitrator decide issues of arbitrability. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944, 945, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) (reiterating that "[t]his Court ... has ... added an important qualification, applicable when courts decide whether a party has agreed that arbitrators should decide arbitrability: Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so"; and recognizing "the principle that a party can be forced to arbitrate only those issues it specifically has agreed to submit to arbitration").