Rel: December 20, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

———————————————

### SC-2024-0440
———————————————

## Karibu Home Builders, LLC

### v.

## D. Michael Keenum and Pamela A. Keenum

### Appeal from Colbert Circuit Court
### (CV-23-900266)

SELLERS, Justice.

Karibu Home Builders, LLC, appeals from an order of the Colbert

Circuit Court ("the trial court") entering a summary judgment in favor of

D. Michael Keenum and Pamela A. Keenum on Karibu's breach-of-contract action and disposing of that action with prejudice. We reverse and remand.

## I. Facts

In January 2023, the Keenums and Karibu entered into a real-estate sales contract ("the contract") pursuant to which the Keenums agreed (1) to convey seven lots referred to as the "Colonial Heights" lots to Karibu for a purchase price of $180,000 and (2) to construct a paved road referred to as the "Colonial Heights Road" at least five days before the contemplated closing date of March 1, 2023. The parties executed an addendum to the contract, extending the closing date until March 31, 2023, or sooner. Karibu paid $1,000 earnest money to the listing broker pending the closing of the sale. Relevant to this appeal, the contract contains two separate paragraphs containing dispute-resolution provisions.

Paragraph 2 of the contract states, in relevant part:

"**2. EARNEST MONEY AND DEFAULT:** The **Seller(s)** authorize the listing broker to hold the earnest money pending the closing of this sale. <u>Should the **Seller(s)** fail to carry out this contract in accordance with its provisions</u>, the **Buyer(s)** shall have the option of (1.) receiving a refund of their earnest money, plus reimbursement from the **Seller(s)**

2

of any sums expended by the **Buyer(s)** for a title opinion or any other costs necessarily incurred by the **Buyer(s)** under this contract and this contract shall be at an end, or (2[.]) The **Buyer(s)** may, without demanding the return [of] their earnest money, proceed with a suit against the **Seller(s)** for specific performance of this contract."

(Capitalization and bold typeface in original; other emphasis added.)

Paragraph 18 of the contract provides, in relevant part:

"**18. Mediation and Arbitration:** All claims, disputes or other matters in question arising out of or relating in any way to this Contract or the breach thereof, including claims against any broker or sales associate, or relating to the relationship involved with, created by or concerning this Contract, including the involvement of any broker or Sales associate ('Claim'), shall be submitted to mediation with a mutually agreed upon mediator within forty-five (45) days of notice of the Claim. In the event no mediated resolution is reached within sixty (60) days of the party's notice of the Claim, all Claims shall be resolved by binding arbitration by a single arbitrator in Florence, Muscle Shoals, Tuscumbia, or Sheffield, Alabama in accordance with the Commercial Arbitration Rules of the American Arbitration Association then in effect. Each party acknowledges that he or she is knowingly waiving the right to a trial by jury relating to all Claims. All disputes concerning the arbitrability of any Claim or the enforceability or scope of this provision shall be subject to the same binding arbitration."

(Bold typeface in original; other emphasis added.)

The Keenums ultimately did not complete the Colonial Heights Road as agreed, nor did they appear for a closing. In December 2023,

Karibu commenced an action against the Keenums for specific performance of the contract and for damages ("the underlying action"), alleging that they had breached the contract by failing to perform their obligations thereunder. In its complaint, Karibu asserted that it had performed its obligations and that it remained ready, willing, and able to purchase the Colonial Heights lots pursuant to the contract. The Keenums thereafter filed a motion for a summary judgment, arguing that they were entitled to a judgment as a matter of law because, they claimed, Karibu had not met its contractual obligations and the contract was therefore "void." The Keenums asserted various reasons as to why they claimed the contract was void, including that paragraph 18 of the contract required mediation and/or arbitration of the underlying action and neither had occurred. Karibu responded with a response in opposition, arguing that the contract was valid and enforceable because, it claimed, the mediation and arbitration provision in paragraph 18 was inapplicable to the underlying action; rather, Karibu claimed, paragraph 2 of the contract concerning defaults of the parties governed the action. Karibu further argued that, even assuming the mediation and arbitration provision did govern the underlying action, the Keenums

4

were barred from relying on that provision as a defense to the underlying action because, it said, before commencing the underlying action, Karibu had offered on multiple occasions to attend mediation and the Keenums had refused. Finally, Karibu argued that, even assuming the mediation and arbitration provision governed the underlying action, the appropriate remedy was not to enter a summary judgment; rather, Karibu claimed that the appropriate remedy would be for the trial court to compel the parties to arbitrate. Following a hearing, the trial court entered a summary judgment in favor of the Keenums, disposing of the underlying action with prejudice. This appeal followed.

## II.  Standard of Review

On appeal, this Court reviews a summary judgment de novo, without affording any presumption of correctness to the trial court's ruling on questions of law. Seibert v. Stricklen, [Ms. SC-2023-0741, Apr. 26, 2024] ___ So. 3d ___ (Ala. 2024). Karibu suggests that the trial court entered the summary judgment disposing of the underlying action with prejudice based on a lack of subject-matter jurisdiction. We review de novo whether the trial court had subject-matter jurisdiction. Monroe Cnty. Comm'n v. Nettles, 288 So. 3d 452 (Ala. 2019).

5

### III. Analysis

The summary-judgment order disposing of the underlying action with prejudice does not state a rationale for the trial court's ruling. Karibu asserts that the transcript of the hearing demonstrates that the trial court disposed of the underlying action with prejudice because, it says, the court determined that the mediation and arbitration provision divested it of subject-matter jurisdiction over the action. We agree with Karibu's interpretation of the transcript; thus, we find the issue of subject-matter jurisdiction dispositive. The transcript reveals the following colloquy between the trial court and counsel:

"THE COURT: Look. I have read this contract so many times, and I keep coming up with the same question, which tells me that it's a problem. Where's my jurisdiction? I see a jurisdictional defect. I don't believe this Court has jurisdiction. …

"….

"[THE COURT:] Summary judgment is going to be in favor of [the Keenums], and I will say this, I don't think there's any question that … the contract is supposed to go to arbitration. So[,] I suppose that's something that y'all have to shake out, but I don't even see where I have -- I see a jurisdictional defect."

It is clear from the transcript that the trial court disposed of the underlying action with prejudice because it concluded that it had no

subject-matter jurisdiction over the action, thus leaving the matter for the parties to "shake" out or otherwise decide, but preventing Karibu from utilizing the courts to pursue a remedy if a settlement could not be reached. The trial court implied that Karibu was required to file its breach-of-contract claim directly with the American Arbitration Association, instead of in the trial court. We cannot agree that the trial court lacked jurisdiction over the underlying action such that it had no choice but to dispose of it with prejudice; such procedure would be an injustice for Karibu.[1] To begin, the parties and the trial court appear to agree that the contract contains a valid mediation and arbitration provision. The Keenums and Karibu disagree about whether the

---

[1]See, e.g., Porter v. Colonial Life & Accident Insurance Co., 828 So. 2d 907, 908 (Ala. 2002) ("We note a potential for injustice. If a plaintiff's court action be dismissed to enforce an arbitration agreement, but, through no fault of the plaintiff's, the arbitration be not concluded or some of the plaintiff's claims be not arbitrated, a statute of limitations could bar a refiling of the unarbitrated claims in court. Sometimes, for instance, an arbitrator's first duty under an arbitration agreement is to determine the arbitrability of a plaintiff's claims. In such a case, the arbitrator could rule that some or all of the plaintiff's claims should be litigated and not arbitrated. Moreover, a stay, as distinguished from a dismissal, would likely better conserve the time and resources of the parties and the trial court even in the event of a successful arbitration, inasmuch as the winner commonly wants the arbitration award reduced to a judgment.").

underlying action falls within the <u>scope</u> of the mediation and arbitration provision; that disagreement is the substance of this appeal. It is logical that the trial court had jurisdiction to decide whether it or an arbitrator had the initial task of determining threshold issues of arbitrability, such as the validity and scope of the mediation and arbitration provision. See <u>First Options of Chicago, Inc. v. Kaplan</u>, 514 U.S. 938, 944 (1995) ("When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally … should apply ordinary state-law principles that govern the formation of contracts."). In Alabama, the general rule is that matters of substantive arbitrability, such as the validity and scope of an arbitration provision, are decided by the court. <u>Regions Bank v. Rice</u>, 209 So. 3d 1108 (Ala. 2016). An exception applies when the arbitration provision itself clearly and unmistakably delegates issues of arbitrability to the arbitrator. <u>Id.</u> at 1110. This Court has held that "an arbitration provision that incorporates rules that provide for the arbitrator to decide issues of arbitrability clearly and unmistakably evidences the parties' intent to arbitrate the scope of the arbitration provision." <u>CitiFinancial Corp. v. Peoples</u>, 973 So. 2d 332, 340 (Ala. 2007). Thus, the trial court had a duty to interpret the contract to

determine whether the court or an arbitrator had the power to decide the threshold issue of arbitrability, including the scope of the mediation and arbitration provision. Once the trial court decided that the contract required the underlying action to be arbitrated, the court was still not divested of jurisdiction. Rather, pursuant to appropriate procedure, the trial court should have entered an order compelling arbitration. The root of the problem here is that the Keenums did not ask the trial court to compel arbitration. Critically, however, Karibu, the party seeking to litigate the underlying action, should not be faulted for the Keenums' failure to request arbitration. As previously indicated, in their motion for a summary judgment, the Keenums relied on the mediation and arbitration provision as a defense to the underlying action, arguing that the contract was void because mediation and/or arbitration had not occurred. Despite their reliance on the mediation and arbitration provision as a defense, the Keenums never requested that the trial court compel arbitration. Interestingly, the Keenums' position on appeal is directly aimed at arbitration insofar as they assert that "[t]he real issue [on appeal] is whether arbitration is binding" in Alabama and that "[t]his court has repeatedly held that arbitration is binding." Keenums' brief at

9

17. In fact, the Keenums cite multiple cases concerning whether a trial court had erred in denying a motion to compel arbitration. Yet, as emphasized, the Keenums failed to take the next step by filing a motion to compel arbitration; thus, their motion for a summary judgment was premature. The mediation and arbitration provision in paragraph 18 of the contract did not divest the trial court of jurisdiction such that it was required to enter a summary judgment in favor of the Keenums and dispose of the underlying action with prejudice. The trial court had jurisdiction and had available any number of options to assist the parties in resolving the action; however, disposing of the action with prejudice was error. We reverse the summary judgment and remand the case to the trial court for proceedings consistent with this opinion.

## IV. Conclusion

The summary judgment in favor of the Keenums is reversed, and the cause is remanded for further proceedings consistent with this opinion. Our opinion is not intended to speak to the merits of the underling action, only the procedure by which it was disposed.

REVERSED AND REMANDED.

Parker, C.J., and Wise and Stewart, JJ., concur.

10

Cook, J., concurs in the result, with opinion.

COOK, Justice (concurring in the result).

I concur in the result. As explained in the main opinion, the Colbert Circuit Court disposed of the underlying action via a summary judgment in favor of the defendants, D. Michael Keenum and Pamela A. Keenum, <u>with prejudice</u>, after concluding that a dispute-resolution clause ("Paragraph 18") in a real-estate sales contract between the Keenums and the plaintiff, Karibu Home Builders, LLC ("Karibu"), divested it of subject-matter jurisdiction.

I write separately (1) to emphasize that a trial court has jurisdiction to rule upon dispute-resolution clauses like Paragraph 18 and (2) to clarify the procedural nature of these dispute-resolution clauses.[2]

---

[2]Even if the trial court somehow lacked subject-matter jurisdiction over the present action, it should not have disposed of the action <u>with prejudice</u> because lacking jurisdiction to entertain the action also necessarily means that a trial court lacks jurisdiction to resolve the merits of the action. In defense of the trial court, however, I note that the Keenums' three-page summary-judgment motion -- filed only one month after service of the complaint -- was unclear about (1) whether it was seeking to compel mediation or arbitration or (2) whether it was seeking to have the trial court determine the merits of the action. Even so, in their response brief on appeal, the Keenums have now made clear that their primary argument is that arbitration should have occurred in this case. Specifically, their brief states: "The <u>central issue</u> is the enforceability of arbitration agreements, which Alabama courts have consistently upheld." Keenums' brief at 7 (emphasis added).

As explained in the main opinion, Paragraph 18 in the real-estate sales contract between the parties requires the resolution of "[a]ll claims, disputes or other matters in question arising out of or relating in any way to this Contract or the breach thereof, including claims against any broker or sales associate," through two procedural mechanisms -- mediation and arbitration.

First, Paragraph 18 requires that "[a]ll claims, disputes, or other matters in question arising out of or relating to this Contract … be submitted to <u>mediation</u> with a mutually agreed upon mediator within forty-five (45) days of notice of the Claim." (Emphasis added.) The record reflects that mediation did not occur in this case. Among other things, Karibu asserts that this failure was due to the Keenums' refusal to participate in the mediation process. If this is correct, then, on remand, the trial court may conclude that the Keenums have waived their right to insist upon mediation as a precondition to litigation in this case (or are otherwise estopped from making such an assertion). <u>See, generally</u>, <u>Morrison Rests., Inc. v. Homestead Vill. of Fairhope, Ltd.</u>, 710 So. 2d 905, 907 (Ala. 1998) (holding that the defendant had waived its right to mediation).

13

If, however, on remand, the trial court determines that waiver or estoppel does not apply, the trial court may compel mediation.[3] See § 6-6-20(b)(1), Ala. Code 1975 (providing that mediation "is mandatory for all parties … [a]t any time where all parties agree"); see also § 6-6-20(b)(3) (providing that, "[i]n the event no party requests mediation, the trial court may, on its own motion, order mediation").

In doing so, the trial court may stay (not dismiss) the proceedings below while the parties participate in mediation. See Ex parte Morgan Cnty. Comm'n, 6 So. 3d 1145, 1147 (Ala. 2008) (noting that a trial court may stay proceedings during mediation). See also Rule 2, Ala. Civ. Ct. Mediation R. (providing that, "[u]pon the entry of an order for mediation, the proceedings as to the dispute in mediation may be stayed for such time as set by the court in its order of mediation").[4] Regardless of whether

---

[3]In an appropriate case, it might be possible to make other procedural arguments against the trial court's ordering mediation (for instance, that the arbitrator should make that decision), but I need not consider such arguments to resolve this appeal.

[4]Perhaps, in an extreme circumstance, it might be appropriate for a trial court to dismiss some, or all, of an action while mediation proceeds as a precondition to litigation (such as the claims of particular plaintiffs in a large multiplaintiff action). But even in such an extreme circumstance, the dismissal would still be without prejudice.

mediation has been waived or is due to be enforced in this case, there can be no doubt that the trial court has jurisdiction to make those determinations.

However, if, on remand, it turns out that mediation has been waived or if it fails, Paragraph 18 then provides that "all Claims shall be resolved by binding arbitration …." The Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("the FAA"), "'requires [trial] courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms.'" UBS Fin. Servs., Inc. v. Johnson, 943 So. 2d 118, 121 (Ala. 2006) (quoting Volt Info. Scis., Inc. v. Board of Trs. of Leland Stanford Junior Univ., 489 U.S. 468, 478 (1989)).

As the United States Supreme Court has recently recognized, an arbitration clause is "'a specialized kind of forum-selection clause that posits not only the situs of [a] suit but also the procedure to be used in resolving the dispute.'" Viking River Cruises, Inc. v. Moriana, 596 U.S. 639, 653 (2022) (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 (1974)) (emphasis added). Thus, like mediation, arbitration is a

procedural mechanism that the trial court may enforce.[5]

Also like mediation, arbitration is a procedural mechanism that can be waived. For instance, a plaintiff may file its complaint in court, thus waiving its right to arbitration. Likewise, a defendant may waive arbitration by failing to timely invoke it.[6]

In the event that arbitration has not been waived, the United States

---

[5]I note briefly that, in this case, a portion of Paragraph 18 includes what is often referred to as a "delegation clause," which is a clause that states that the arbitrator (not the trial court) is responsible for ruling upon, among other things, the validity and scope of the arbitration clause. Specifically, that delegation clause states: "All disputes concerning the arbitrability of any Claim or the enforceability or scope of this provision shall be subject to the same binding arbitration." (Emphasis added.) Given the apparent delegation intended by the parties in Paragraph 18, on remand, the trial court should not attempt to rule upon the "the arbitrability of any Claim or the enforceability or scope of this provision" but should, instead, leave that issue for the arbitrator to decide. See Regions Bank v. Rice, 209 So. 3d 1108, 1110 (Ala. 2016) (noting that "disputes regarding the validity and scope of an arbitration provision (like the dispute here) are issues of substantive arbitrability" that may be delegated to the arbitrator if the delegation by the parties is clear and unmistakable in the arbitration provision).

[6]Our Court has previously recognized that, barring the presence of a delegation clause as discussed in note 5, supra, "in most cases," the trial court decides whether arbitration has been waived. See, generally, Hales v. ProEquities, Inc., 885 So. 2d 100, 105 (Ala. 2003) (recognizing that, "in most cases, the trial court ... decides the waiver of the right to compel arbitration on the submission of written evidentiary materials without ore tenus testimony").

Supreme Court has recently held that § 3 of the FAA states that, upon request by a party, a trial court is required to <u>stay</u> -- not dismiss -- the proceedings when compelling arbitration. <u>See</u> <u>Smith v. Spizzirri</u>, 601 U.S. 472, 474 (2024) (holding that § 3 of the FAA requires a trial court to stay, not dismiss, the case when the dispute is subject to arbitration and a party requests a stay pending arbitration); <u>see</u> <u>also</u> 9 U.S.C. § 3. In other words, under the mandatory provisions of § 3 of the FAA, a trial court is required to take action by staying the proceedings so that the parties can arbitrate their dispute.[7]

---

[7]I question whether the Supreme Court's decision in <u>Spizzirri</u>, <u>supra</u>, may have, to some extent, overruled our own caselaw on this issue. As noted above, in reaching its conclusion in <u>Spizzirri</u>, <u>supra</u>, the Supreme Court relied on the text of § 3 of the FAA, which expressly states that, "<u>on application of one of the parties</u>," the trial court must "<u>stay</u> the trial of the action until such arbitration has been had in accordance with the terms of the agreement." (Emphasis added.) In contrast, our caselaw on this issue has consistently held that, after a party has moved to compel arbitration, a trial court has <u>the option of staying or dismissing</u> an action. <u>See, e.g.</u>, <u>Macon Cnty. Greyhound Park, Inc. v. Hoffman</u>, 226 So. 3d 152, 157 (Ala. 2016) (recognizing that "'"trial courts are required to stay or dismiss proceedings and to compel arbitration when the parties have entered into a <u>valid</u> contract containing an arbitration agreement ...."'" (quoting <u>American Fam. Life Assurance Co. of Columbus v. Parker</u>, 92 So. 3d 58, 64 (Ala. 2012), quoting in turn <u>Green Tree Fin. Corp. of Alabama v. Vintson</u>, 753 So. 2d 497, 502 (Ala. 1999))); <u>CitiFinancial Corp. v. Peoples</u>, 973 So. 2d 332, 341 (Ala. 2007) (holding that, "[o]n remand, the trial court shall grant the motion to compel arbitration and either issue a stay of these proceedings pending arbitration or dismiss the

Based on the foregoing, there can be no doubt that the trial court in this case had jurisdiction to take action to enforce the parties' agreement to resolve their dispute either through mediation or arbitration. It is for this reason that I agree with the main opinion that the summary judgment in favor of the Keenums, disposing of the action, with prejudice, was erroneous and that this case must be remanded.

---

case"); and Ameriquest Mortg. Co. v. Bentley, 851 So. 2d 458, 462 (Ala. 2002) (recognizing that "[a] trial court is required to stay or dismiss proceedings and to compel arbitration if the parties have entered into a valid contract containing an arbitration agreement" (citing Ex parte Colquitt, 808 So. 2d 1018, 1022 (Ala. 2001))).

It is unclear to me whether our line of cases might still have some application if neither party has requested a stay. In that scenario, it is possible that a trial court might still have some discretion to either dismiss or stay an action. On the other hand, there are significant prudential reasons for a stay rather than a dismissal of an action pending the outcome of an arbitration proceeding, as explained by the Supreme Court in Spizzirri. See 601 U.S. at 477-78.

Regardless, even if a trial court could properly dismiss an action while arbitration is being conducted, such a dismissal would still be without prejudice given that the entire point of compelling arbitration is to allow the parties to receive a decision on the merits from the arbitrator.