Rel: April 24, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

_____

## SC-2025-0571
_____

## TAMKO Building Products, LLC

## v.

## Mike Patterson and Lisa Patterson

## Appeal from Baldwin Circuit Court
## (CV-25-900384)

PARKER, Justice.

TAMKO Building Products, LLC, appeals from an order denying its motion to compel arbitration. Because the arbitration clause at issue clearly and unmistakably delegated the question of arbitrability to an

arbitrator, we reverse that order and remand the case with instructions to grant the motion to compel arbitration.

I.

TAMKO sold roofing shingles to the original owner of a house located in Baldwin County. A warranty included with the sale of the shingles contained an arbitration clause, in all capital letters, broadly covering all claims related either to the roofing shingles or to the warranty itself:

> "MANDATORY BINDING ARBITRATION: EVERY CLAIM OR CONTROVERSY BETWEEN YOU AND TAMKO AND/OR ITS EMPLOYEES AND AGENTS, ARISING FROM OR RELATING TO THE SHINGLES AND/OR THIS LIMITED WARRANTY SHALL BE RESOLVED BY FINAL AND BINDING ARBITRATION."

The warranty was transferrable to a subsequent purchaser of the house within five years of the original purchase, subject to compliance with certain transferability requirements. For example, the original owner was responsible for providing TAMKO written notice within 30 days of the transfer.

Mike and Lisa Patterson eventually purchased the house and came to believe that the shingles were defective. They filed a warranty claim with TAMKO, but TAMKO denied that claim because it had no record of

the warranty being transferred. Dissatisfied, the Pattersons sued TAMKO in the circuit court, asserting multiple claims based on their allegation that the roofing shingles were defective.

TAMKO moved to dismiss the Pattersons' case and to compel arbitration. In support, TAMKO relied on the arbitration clause in the warranty that had accompanied the sale of the shingles. Specifically, TAMKO cited the clause's broad language, in all capital letters, requiring even questions related to its "applicability" to be submitted to arbitration: "THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY DISPUTE RELATING TO THE INTERPRETATION, APPLICABILITY, ENFORCEABILITY, OR FORMATION OF THIS AGREEMENT ...."

In opposition, the Pattersons asserted that they neither signed the warranty nor accepted or received any benefits from the warranty. And those arguments proved persuasive before the circuit court. That court denied TAMKO's motion to compel arbitration and prepared to proceed with trial preparation.

3

Pursuant to our appellate rule conferring a right to appeal such an order, see Ala. R. App. P. 4(d), TAMKO timely noticed its appeal to this Court.

## II.

On appeal, TAMKO reiterates its arguments from below that the issue of arbitrability is itself subject to arbitration. The Pattersons, on the other hand, assert that the existence of a valid arbitration clause is a gateway issue that a trial court must decide.

Recently, this Court decided this very issue: We held that, "[w]hen a contract contains an arbitration provision delegating threshold questions of arbitrability to an arbitrator," the arbitrator decides the issue of arbitrability, including the arbitrability of claims involving a nonsignatory. Ex parte Smith, [Ms. SC-2025-0231, Mar. 6, 2026] ___ So. 3d ___, ___ (Ala. 2026). As we unanimously concluded, this proposition flows necessarily from a long line of this Court's prior precedents.[1] And those precedents, in turn, flow logically from a commonsense proposition:

---

[1]See Wiggins v. Warren Averett, LLC, 307 So. 3d 519 (Ala. 2020); Carroll v. Castellanos, 281 So. 3d 365 (Ala. 2019); Rainbow Cinemas, LLC v. Consolidated Constr. Co. of Alabama, 239 So. 3d 569 (Ala. 2017); Federal Ins. Co. v. Reedstrom, 197 So. 3d 971 (Ala. 2015); Anderton v. The Practice-Monroe., P.C., 164 So. 3d 1094 (Ala. 2014).

Someone claiming the benefits of a contract (here, the roofing-shingles sales contract) must also accept and bear the burdens of that contract. See generally Southern Energy Homes, Inc. v. Ard, 772 So. 2d 1131, 1134-35 (Ala. 2000).

The arbitration clause at issue here, clearly subjecting questions of the clause's "applicability" to arbitration, is materially indistinguishable from the arbitration clauses enforced in our precedents. We are unpersuaded, moreover, that any plausible limits to this rule would apply in this case. For example, the Pattersons suggest that their claims arise independently of the warranty. But even if they are right about that (a question we do not decide), their claims certainly do not arise independently of the arbitration clause, which applies not only to disputes about the warranty but also to "EVERY CLAIM OR CONTROVERSY ... ARISING FROM OR RELATING TO THE SHINGLES."

III.

Because the arbitration clause at issue delegates to the arbitrator the authority to determine the applicability of the arbitration clause, the issue whether the Pattersons' claims are arbitrable must be decided in

arbitration. In accordance with <u>Ex parte</u> <u>Smith</u> and the precedents cited in <u>Ex parte Smith</u>, we reverse the circuit court's order denying the motion to compel arbitration and remand the case with instructions to the circuit court to enter an order granting TAMKO's motion to compel.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Stewart, C.J., and Wise, Sellers, and Mendheim, JJ., concur.

Cook, J., recuses himself.