**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM F. FORREST; WENDY SMITH; MICHELLE MARTINEZ; JODI MILLER; KENNETH TURNER, *Plaintiffs-Appellants,* v. KEITH SPIZZIRRI; MIRIAM SPIZZIRRI; KEN MARING; MARING; CYNTHIA MOORE; MOORE, Unknown; named as John Doe Moore; UNKNOWN PARTY, named as Pat Doe and Jane Doe I; JOHN DE LA CRUZ; DE LA CRUZ, Unknown; named as Jane Doe De La Cruz; INTELLIQUICK DELIVERY, INC., an Arizona corporation; MAJIK LEASING LLC, an Arizona corporation; MAJIK ENTERPRISES I, INC., an Arizona corporation, *Defendants-Appellees.* | No. 22-16051 D.C. No. 2:21-cv-01688-GMS OPINION |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, Chief District Judge, Presiding

Submitted March 9, 2023[*]
Las Vegas, Nevada

Filed March 16, 2023

Before:  Susan P. Graber, Mark J. Bennett, and Roopali H.
Desai, Circuit Judges.

Opinion by Judge Bennett;
Concurrence by Judge Graber

## SUMMARY[**]

### Arbitration

The panel affirmed the district court's order granting defendants' motion to compel arbitration of all claims in an employment law action and dismissing the action without prejudice, rather than staying the action pending arbitration.

The panel held that, although the plain text of the Federal Arbitration Act appears to mandate a stay pending arbitration upon application of a party, binding Ninth Circuit precedent establishes that district courts may dismiss when, as here, all claims are subject to arbitration.  The panel concluded that this precedent was not abrogated by

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

*Badgerow v. Walters*, 142 S. Ct. 1310 (2022) (relying on plain statutory text to limit the range of materials federal courts can consult when assessing jurisdiction over an application to confirm or vacate an arbitration award). The further panel held that the district court did not abuse its discretion in dismissing rather than staying the action because the district court did not misstate the law, misconstrue the facts, or otherwise act arbitrarily.

Concurring, Judge Graber, joined by Judge Desai, wrote that she concurred fully in the majority opinion. Judge Graber wrote that she encouraged the Supreme Court to take up the question, on which the courts of appeals are divided, of whether a stay is required when a district court refers a claim to arbitration. Judge Graber also urged the Ninth Circuit to take this case en banc in order to follow statutory language requiring a stay.

## COUNSEL

Nicholas J. Enoch, Clara S. Acosta, and Morgan L. Bigelow, Lubin & Enoch PC, Phoenix, Arizona, for Plaintiffs-Appellants.

Laurent R. G. Badoux, Robert M. Dato, and Paul A. Alarcón, Buchalter APC, Scottsdale, Arizona, for Defendants-Appellees.

## OPINION

BENNETT, Circuit Judge:

Plaintiff delivery drivers sued their employer, an on-demand delivery service,[1] alleging violation of various state and federal employment laws. The parties agreed that all claims are subject to mandatory arbitration. Accordingly, the district court granted Intelliserve's motion to compel arbitration, but also dismissed the lawsuit without prejudice. Plaintiffs argue that the district court should have stayed the action pending arbitration rather than dismissing it. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The sole question before us is whether the Federal Arbitration Act ("FAA") requires a district court to stay a lawsuit pending arbitration, or whether a district court has discretion to dismiss when all claims are subject to arbitration. Although the plain text of the FAA appears to mandate a stay pending arbitration upon application of a party, binding precedent establishes that district courts may dismiss suits when, as here, all claims are subject to arbitration. Thus, we affirm.

I

Plaintiffs are current and former delivery drivers for Intelliserve. Plaintiffs sued Intelliserve in Arizona state court alleging that Intelliserve violated federal and state employment laws by, among other things, misclassifying them as independent contractors; failing to pay them

---

[1] Defendants include individual owners and managers of Intelliserve LLC as well as related corporate entities. We refer to Defendants collectively as "Intelliserve," as the parties do in their briefing.

required minimum and overtime wages; and failing to provide paid sick leave.

Intelliserve removed the case to federal court, then moved to compel arbitration and to dismiss the case. Plaintiffs agreed that, under the FAA, all claims were subject to mandatory arbitration, but argued that the FAA required the district court to *stay* the action pending arbitration rather than to *dismiss* the action.   Section three of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  As discussed below, Plaintiffs also argued in the district court that a stay would provide certain administrative benefits relative to dismissal.

Rejecting those arguments, the district court granted Intelliserve's motion to compel arbitration and dismissed the action without prejudice.

## II

We review the district court's interpretation of the FAA de novo. *Jones Day v. Orrick, Herrington & Sutcliffe, LLP*, 42 F.4th 1131, 1134 (9th Cir. 2022). Orders compelling arbitration are also reviewed de novo. *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.* ("*Thinket*"), 368 F.3d 1053, 1060 (9th Cir. 2004).

## III

Section three of the FAA provides that, upon determination by a court that an issue or issues are referable to arbitration, the court, on application of a party, "shall" stay the trial of the action pending arbitration (provided the stay applicant is not in default). 9 U.S.C. § 3. On its face, Congress's use of "shall" appears to require courts to stay litigation that is subject to mandatory arbitration, at least where all issues are subject to arbitration.[2] *See, e.g.*, *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (holding that the word "shall" in a separate section of the FAA constituted a mandate to the district court).[3]

---

[2] Although not at issue here, we acknowledge that where some, but not all, parties' claims are subject to arbitration, courts have discretion to stay or proceed with litigation on non-arbitrable claims. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983); *United States v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426–27 (9th Cir. 1985).

[3] In other contexts, courts have recognized that "shall" can mean "may" in a statute. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 432 n.9 (1995). But that construction is the exception, not the rule. *Id.* Absent strong contextual indications to the contrary, we interpret the term "shall" in accordance with its ordinary meaning: a mandatory instruction. *Haynes v. United States*, 891 F.2d 235, 239–40 (9th Cir.

But this court has long carved out an exception if all claims are subject to arbitration. "[N]otwithstanding the language of [section three], a district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014); *see also Thinket*, 368 F.3d at 1060; *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Martin Marietta Aluminum, Inc. v. Gen. Elec. Co.*, 586 F.2d 143, 147 (9th Cir. 1978).[4]

Applying this line of cases here, we conclude that "notwithstanding the language of [section three]," the district court had discretion to dismiss Plaintiffs' suit because the parties agreed that all claims were subject to arbitration. *Johnmohammadi*, 755 F.3d at 1073–74.

IV

Plaintiffs make four primary arguments to sidestep this binding precedent. First, they point out that our jurisprudence permitting dismissal of claims subject to arbitration began in a case in which no party appears to have requested a stay. *See Martin Marietta*, 586 F.2d at 147 ("The [FAA] did not impose a duty upon [the defendants] to request a stay any more than the contractual arbitration

---

1989). Nothing about the context here suggests that Congress meant "may" when it wrote "shall."

[4] Although the Ninth, First, Fifth, and Eighth Circuits permit district courts to dismiss actions subject to arbitration, the Second, Third, Sixth, Seventh, Tenth, and Eleventh Circuits require a stay upon application of a party. *See Katz v. Cellco P'ship*, 794 F.3d 341, 345 (2d Cir. 2015) (collecting cases and adopting the majority view); *see also Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 19 F.4th 938, 942 (6th Cir. 2021); *Sommerfeld v. Adesta, LLC*, 2 F.4th 758, 762 (8th Cir. 2021).

clause required [them] to request arbitration when the controversy arose."). Plaintiffs argue that this result was consistent with section three because the statute mandates that a district court "shall . . . stay the trial of the action" pending arbitration only "*on application of one of the parties.*" 9 U.S.C. § 3 (emphasis added). Here, of course, Plaintiffs did request a stay. This fact makes no difference, because since *Martin Marietta*, we have acknowledged that the district court's discretion to dismiss extends to cases in which a stay is requested. *See, e.g.*, *Johnmohammadi*, 755 F.3d at 1073 (noting that defendant requested a stay pending arbitration); *Sparling*, 864 F.2d at 637–38 (same). Most recently, we clarified that this result occurs "notwithstanding the language of [section three]." *Johnmohammadi*, 755 F.3d at 1073.

Second, Plaintiffs suggest that the FAA's plain text should dictate the outcome despite our precedent to the contrary. But "[a]s a three-judge panel we are compelled to apply" circuit precedent "unless it is 'clearly irreconcilable with the reasoning or theory of intervening higher authority.'" *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1190 (9th Cir. 2022) (quoting *Miller v. Gammie*, 355 F.3d 889, 893 (9th Cir. 2003) (en banc)). There is no such intervening higher authority here.

Third, Plaintiffs argue that a recent Supreme Court decision abrogates our precedents, thereby permitting us to come to a different result. *See Badgerow v. Walters*, 142 S. Ct. 1310 (2022). In *Badgerow*, the Court relied on plain statutory text to limit the range of materials federal courts can consult when assessing jurisdiction over an application to confirm or vacate an arbitration award under sections nine and ten of the FAA. *Id.* at 1314. Although *Badgerow* supports the general proposition that courts should enforce

the plain text of the FAA (and other statutes), it does not discuss section three or the district court's discretion to stay or dismiss an action pending arbitration. Thus, *Badgerow* does not allow us, a three-judge panel, to overrule our prior precedent. *See Miller*, 355 F.3d at 893.

Finally, Plaintiffs contend that, even if the district court had discretion to dismiss their suit, the court abused its discretion. Ordinarily, a district court abuses its discretion only when it makes a mistake of law, adopts a clearly erroneous view of the facts, or otherwise acts arbitrarily. *See Lam v. City of San Jose*, 869 F.3d 1077, 1084 (9th Cir. 2017). While Plaintiffs argued that there were administrative benefits that would have flowed from a stay, the district court considered those arguments and provided sound reasons for rejecting them, including by noting that Plaintiffs could file a new action to confirm or vacate any arbitration award. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("It is well established that district courts have inherent power to control their docket." (cleaned up)); *Katz*, 794 F.3d at 346 ("We recognize that efficient docket management is often the basis for dismissing a wholly arbitrable matter."). Because the district court did not misstate the law, misconstrue the facts, or otherwise act arbitrarily, we conclude that it did not abuse its discretion in dismissing rather than staying the case.

**AFFIRMED.**[5]

---

[5] The parties shall bear their own costs on appeal.

GRABER, Circuit Judge, with whom DESAI, Circuit Judge, joins, concurring:

I concur fully in the majority opinion. But I encourage the Supreme Court to take up this question, which it has sidestepped previously, Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 87 n.2 (2000), and on which the courts of appeals are divided, see, e.g., Arabian Motors Grp. W.L.L. v. Ford Motor Co., 19 F.4th 938, 941–43 (6th Cir. 2021) (reversing a dismissal, granting a stay, discussing inter-circuit and intra-circuit inconsistencies, observing that many rulings offer little analysis, and distinguishing Martin Marietta Aluminum, Inc. v. Gen. Elec. Co., 586 F.2d 143, 147 (9th Cir. 1978), as not having resulted from a party's request for a stay); Katz v. Cellco P'ship, 794 F.3d 341, 344–45 (2d Cir. 2015) (detailing both inter-circuit and intra-circuit inconsistencies).

In the meantime, I urge our court to take this case en banc so that we can follow what I view as the Congressional requirement embodied in the Federal Arbitration Act. When a party requests a stay pending arbitration of "any issue referable to arbitration under an agreement in writing," the court "shall . . . stay the trial of the action" until the arbitration concludes or unless the requesting party is "in default in proceeding with such arbitration." 9 U.S.C. § 3 (emphases added).