*PRELIMINARY PRINT*

VOLUME 601 U. S. PART 2
PAGES 472–479

# OFFICIAL REPORTS

OF

# THE SUPREME COURT

MAY 16, 2024

Page Proof Pending Publication

REBECCA A. WOMELDORF

REPORTER OF DECISIONS



NOTICE: This preliminary print is subject to formal revision before the bound volume is published.   Users are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D.C. 20543, pio@supremecourt.gov, of any typographical or other formal errors.

## SMITH et al. *v.* SPIZZIRRI et al.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

No. 22–1218.   Argued April 22, 2024—Decided May 16, 2024

The Federal Arbitration Act (FAA) sets forth procedures for enforcing
   arbitration agreements in federal court.   Section 3 of the FAA, entitled
   "Stay of proceedings where issue therein referable to arbitration," pro-
   vides that when a dispute is subject to arbitration, the court "shall on
   application of one of the parties stay the trial of the action until such
   arbitration has been had in accordance with the terms of the agreement,
   providing the applicant for the stay is not in default in proceeding with
   such arbitration."   9 U. S. C. §3.   In this case, petitioners filed suit
   against respondents in state court alleging violations of federal and
   state employment laws.   Respondents then removed to federal court
   and filed a motion to compel arbitration and dismiss the suit.   Petition-
   ers agreed their claims were arbitrable, but contended that §3 of the
   FAA required the District Court to stay the action pending arbitration
   rather than dismissing it entirely.   The District Court issued an order
   compelling arbitration and dismissed the case without prejudice.   The
   Ninth Circuit affirmed.

*Held*: When a district court finds that a lawsuit involves an arbitrable
   dispute and a party has requested a stay of the court proceeding pend-
   ing arbitration, §3 compels the court to issue a stay, and the court lacks
   discretion to dismiss the suit.   Statutory text, structure, and purpose
   all point to this conclusion.   The plain text of §3 requires a court to
   stay the proceeding upon request.   The statute's use of the word "shall"
   "creates an obligation impervious to judicial discretion."   *Lexecon Inc.*
   v. *Milberg Weiss Bershad Hynes & Lerach*, 523 U. S. 26, 35.   The obliga-
   tion is to "stay" the proceeding.   Respondents insist that "stay" "means
   only that the court must stop parallel in-court litigation, which a court
   may achieve by dismissing," Brief for Respondents 15, but respondents'
   reading disregards the long-established legal meaning of the word
   "stay" as a "temporary suspension" of legal proceedings.   And respond-
   ents' attempt to read "stay" to include "dismiss" cannot be squared with
   the surrounding statutory text, which anticipates that the parties can
   return to federal court if arbitration breaks down or fails to resolve the
   dispute.   Notwithstanding §3's text, respondents suggest that district
   courts retain the inherent authority to dismiss proceedings subject to
   arbitration.   But even assuming such inherent authority, "the inherent

powers of the courts may be controlled or overridden by statute or rule," *Degen* v. *United States*, 517 U. S. 820, 823, and § 3 does exactly that.

The FAA's structure and purpose confirm that a stay is required. Section 16(a)(1)(C) of the FAA authorizes an immediate interlocutory appeal of the denial of an arbitration request. By contrast, Congress made clear in § 16(b) that, outside of a narrow exception not applicable here, an order compelling arbitration is not immediately appealable. If a district court could dismiss a suit subject to arbitration even when a party requests a stay, that dismissal would trigger the right to an immediate appeal where Congress sought to forbid such an appeal. Finally, staying rather than dismissing a suit comports with the supervisory role that the FAA envisions for the courts. Keeping the suit on the court's docket makes good sense in light of the FAA's mechanisms for courts with proper jurisdiction to assist parties in arbitration. Pp. 475–479.

62 F. 4th 1201, reversed and remanded.

SOTOMAYOR, J., delivered the opinion for a unanimous Court.

*Daniel L. Geyser* argued the cause for petitioners. With him on the briefs were *Nicholas J. Enoch, Clara S. Bustamante*, and *Angela M. Oliver*.

*E. Joshua Rosenkranz* argued the cause for respondents. With him on the brief were *Thomas M. Bondy, Melanie R. Hallums, Laurent R. G. Badoux*, and *Jeremy R. Peterman*.*

JUSTICE SOTOMAYOR delivered the opinion of the Court.

The Federal Arbitration Act (FAA) sets forth procedures for enforcing arbitration agreements in federal court. Section 3 of the FAA specifies that, when a dispute is subject to arbitration, the court "shall on application of one of the parties stay the trial of the action until [the] arbitration" has

--------

*Briefs of *amici curiae* urging affirmance were filed for the American Association for Justice by *Jeffrey R. White* and *Sean Domnick*; and for the New England Legal Foundation by *Benjamin G. Robbins* and *Daniel B. Winslow*.

*Andrew J. Pincus, Archis A. Parasharami, Jennifer B. Dickey*, and *Jonathan D. Urick* filed a brief for the Chamber of Commerce of the United States of America as *amicus curiae*.

concluded. 9 U. S. C. § 3. The question here is whether § 3 permits a court to dismiss the case instead of issuing a stay when the dispute is subject to arbitration and a party requests a stay pending arbitration. It does not.

I

Petitioners are current and former delivery drivers for an on-demand delivery service operated by respondents. They sued respondents in Arizona state court, alleging violations of federal and state employment laws. Petitioners claimed that respondents misclassified them as independent contractors, failed to pay required minimum and overtime wages, and failed to provide paid sick leave. After removing the case to federal court, respondents moved to compel arbitration and dismiss the suit. Petitioners conceded that all of their claims were arbitrable, but they argued that § 3 of the FAA required the District Court to stay the action pending arbitration rather than dismissing it entirely.

The District Court issued an order compelling arbitration and dismissing the case without prejudice. The court noted that "the text of 9 U. S. C. § 3 suggests that the action should be stayed," but that Circuit precedent "instructed that 'notwithstanding the language of § 3, a district court may either stay the action or dismiss it outright when, . . . the court determines that all of the claims raised in the action are subject to arbitration.'" *Forrest* v. *Spizzirri*, 2022 WL 2191931, \*1 (D Ariz., June 17, 2022) (quoting *Johnmohammadi* v. *Bloomingdale's, Inc.*, 755 F. 3d 1072, 1074 (CA9 2014)). Because "all claims raised [were] subject to arbitration," the District Court concluded that it "retain[ed] discretion to dismiss the action." 2022 WL 2191931, \*1.

The Ninth Circuit affirmed. While that court likewise acknowledged that "the plain text of the FAA appears to mandate a stay," the court explained that it was bound by Circuit precedent recognizing the District Court's "discretion to dismiss." *Forrest* v. *Spizzirri*, 62 F. 4th 1201, 1203,

Opinion of the Court

1205 (2023). Judge Graber, joined by Judge Desai, concurred, asserting that the Ninth Circuit's position was wrong and urging this Court "to take up this question, which it has sidestepped previously, and on which the courts of appeals are divided." *Id.*, at 1206 (citation omitted).

This Court granted certiorari to answer the question it previously left open and resolve the Circuit split.[1]  601 U. S. —— (2024).

II

In this statutory interpretation case, text, structure, and purpose all point to the same conclusion: When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss

---

[1] This Court has previously reserved the question presented by this case.  See *Green Tree Financial Corp.-Ala.* v. *Randolph*, 531 U. S. 79, 87, n. 2 (2000) ("Had the District Court entered a stay instead of a dismissal in this case, that order would not be appealable. . . . The question whether the District Court should have taken that course is not before us, and we do not address it"); see also *Lamps Plus, Inc.* v. *Varela*, 587 U. S. 176, 181, n. 1 (2019) (noting that the Court reserved this question in *Randolph* and that it remained unanswered).

The split on the question has since deepened.  Compare *Arabian Motors Group W.L.L.* v. *Ford Motor Co.*, 19 F. 4th 938, 941–943 (CA6 2021) (reading §3 to mandate a stay when all claims are subject to arbitration and a party properly requests a stay); *Katz* v. *Cellco Partnership*, 794 F. 3d 341, 345–347 (CA2 2015) (same); *Lloyd* v. *HOVENSA, LLC*, 369 F. 3d 263, 269–271 (CA3 2004) (same); *Adair Bus Sales, Inc.* v. *Blue Bird Corp.*, 25 F. 3d 953, 955 (CA10 1994) (same); *Bender* v. *A.G. Edwards & Sons, Inc.*, 971 F. 2d 698, 699 (CA11 1992) (*per curiam*) (same); *Halim* v. *Great Gatsby's Auction Gallery, Inc.*, 516 F. 3d 557, 561 (CA7 2008) (reaching the same conclusion even where no party requested a stay), with *Green* v. *SuperShuttle Int'l, Inc.*, 653 F. 3d 766, 769–770 (CA8 2011) (recognizing a district court's discretion to dismiss, rather than stay, action where all of the issues are subject to arbitration); *Bercovitch* v. *Baldwin School, Inc.*, 133 F. 3d 141, 156, n. 21 (CA1 1998) (same); *Alford* v. *Dean Witter Reynolds, Inc.*, 975 F. 2d 1161, 1164 (CA5 1992) (same); *Sparling* v. *Hoffman Constr. Co.*, 864 F. 2d 635, 637–638 (CA9 1988) (same).

the suit on the basis that all the claims are subject to arbitration.[2]

Section 3 of the FAA, entitled "Stay of proceedings where issue therein referable to arbitration," provides that, when any issue in a suit is subject to arbitration, the court

> "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

Here, as in other contexts, the use of the word "shall" "creates an obligation impervious to judicial discretion." *Lexecon Inc.* v. *Milberg Weiss Bershad Hynes & Lerach*, 523 U. S. 26, 35 (1998). That plain statutory text requires a court to stay the proceeding. See *Maine Community Health Options* v. *United States*, 590 U. S. 296, 310 (2020) (" 'Unlike the word "may," which implies discretion, the word "shall" usually connotes a requirement' "). Indeed, this Court previously noted that the use of "shall" in neighboring sections of the FAA created a mandatory obligation that left "no place for the exercise of discretion by a district court." *Dean Witter Reynolds Inc.* v. *Byrd*, 470 U. S. 213, 218 (1985) (discussing §§ 2–4 and explaining that the FAA "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed"). The same is true here. When § 3 says that a court "shall . . . stay" the proceeding, the court must do so.

Just as "shall" means "shall," "stay" means "stay." Respondents insist that "stay" in § 3 "means only that the court

---

[2] That is not to say that the court is barred from dismissing the suit if there is a separate reason to dismiss, unrelated to the fact that an issue in the case is subject to arbitration. If, for example, the court lacks jurisdiction, § 3 is no bar to dismissing on that basis. See *Exxon Mobil Corp.* v. *Allapattah Services, Inc.*, 545 U. S. 546, 552 (2005) (observing that "[t]he district courts of the United States . . . are 'courts of limited jurisdiction' " and " 'possess only that power authorized by Constitution and statute' ").

must stop parallel in-court litigation, which a court may achieve by dismissing without retaining jurisdiction." Brief for Respondents 15. There are, however, two significant problems with that reading. First, it disregards the long-established legal meaning of the word "stay." Even at the time of the enactment of the FAA, that term denoted the "temporary suspension" of legal proceedings, not the conclusive termination of such proceedings. Black's Law Dictionary 1109 (2d ed. 1910) ("Stay of proceedings"). Second, respondents' attempt to read "stay" to include "dismiss" cannot be squared with the surrounding statutory text. By directing a court to stay the proceeding "until such arbitration has been had in accordance with the terms of the agreement," and only so long as "the applicant . . . is not in default in proceeding with the arbitration," § 3 ensures that the parties can return to federal court if arbitration breaks down or fails to resolve the dispute. That return ticket is not available if the court dismisses the suit rather than staying it.[3]

Respondents also suggest that, notwithstanding the statutory language, district courts retain inherent authority to dismiss proceedings subject to arbitration. This attempt to evade the plain meaning of the text also falls short. Even assuming district courts have this inherent authority, "the inherent powers of the courts may be controlled or overridden by statute or rule." *Degen* v. *United States*, 517 U. S. 820, 823 (1996). Section 3 does exactly that. It overrides any discretion a district court might otherwise have had to dismiss a suit when the parties have agreed to arbitration.

If there were any doubt, the FAA's structure and purpose confirm that a stay is required. When a court denies a request for arbitration, § 16 of the FAA authorizes an immedi-

---

[3] It is no answer to say, as respondents do, that a party can file a new suit in federal court in those circumstances. Even if that is true as a practical matter, but see *Green*, 653 F. 3d, at 770 (flagging potential statute-of-limitations problem), requiring a party to file a new suit ignores the plain text of § 3.

ate interlocutory appeal. See 9 U. S. C. § 16(a)(1)(C). When a court compels arbitration, by contrast, Congress made clear that, absent certification of a controlling question of law by the district court under 28 U. S. C. § 1292(b), the order compelling arbitration is not immediately appealable. See 9 U. S. C. § 16(b). The choice to "provid[e] for immediate interlocutory appeals of orders *denying*—but not of orders *granting*—motions to compel arbitration," *Coinbase, Inc.* v. *Bielski*, 599 U. S. 736, 740 (2023), is consistent with Congress's purpose in the FAA "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible," *Moses H. Cone Memorial Hospital* v. *Mercury Constr. Corp.*, 460 U. S. 1, 22 (1983). If a district court dismisses a suit subject to arbitration even when a party requests a stay, that dismissal triggers the right to an immediate appeal where Congress sought to forbid such an appeal.

Finally, staying rather than dismissing a suit comports with the supervisory role that the FAA envisions for the courts. The FAA provides mechanisms for courts with proper jurisdiction to assist parties in arbitration by, for example, appointing an arbitrator, see 9 U. S. C. § 5; enforcing subpoenas issued by arbitrators to compel testimony or produce evidence, see § 7; and facilitating recovery on an arbitral award, see § 9. Keeping the suit on the court's docket makes good sense in light of this potential ongoing role, and it avoids costs and complications that might arise if a party were required to bring a new suit and pay a new filing fee to invoke the FAA's procedural protections. District courts can, of course, adopt practices to minimize any administrative burden caused by the stays that § 3 requires.

\* \* \*

When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding.

Opinion of the Court

The contrary judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

Page Proof Pending Publication

## REPORTER'S NOTE

The attached opinion has been revised to reflect the usual publication and citation style of the United States Reports. The revised pagination makes available the official United States Reports citation in advance of publication. The syllabus has been prepared by the Reporter of Decisions for the convenience of the reader and constitutes no part of the opinion of the Court. A list of counsel who argued or filed briefs in this case, and who were members of the bar of this Court at the time this case was argued, has been inserted following the syllabus. Other revisions may include adjustments to formatting, captions, citation form, and any errant punctuation. The following additional edits were made:

None