**NOT FOR PUBLICATION**



**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DALLAS WOODY; PETER
HREHOROVICH, individually and on
behalf of all others similarly  situated,

Plaintiffs - Appellants,

v.

COINBASE GLOBAL, INC.; COINBASE,
INC.; BRIAN ARMSTRONG,

Defendants - Appellees.

No. 23-3584

D.C. No.
3:23-cv-00190-JD

MEMORANDUM[*]

Appeal from the United States District Court for the
Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted October 8, 2024
San Francisco, California

Before: McKEOWN, KOH, and JOHNSTONE, Circuit Judges.

Dallas Woody and Peter Hrehorovich ("Plaintiffs") appeal the district court's

order compelling arbitration of their claims against Coinbase Global, Inc., Coinbase,

Inc., and Brian Armstrong (together, "Coinbase"). Though Coinbase did not file a

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

cross-appeal, it now challenges the district court's denial of its request for a stay pending arbitration under 9 U.S.C. § 3 and dismissal of the action. We have jurisdiction under 9 U.S.C. § 16(a)(3) and review de novo the denial of a stay under § 3. *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819, 832 (9th Cir. 2019) (reviewing de novo the denial of a mandatory stay with jurisdiction under 9 U.S.C. § 16(a)(1)(A)). We vacate the district court's dismissal and remand for issuance of a stay pending arbitration.

The district court erred in dismissing, rather than staying, the case. Section 3 of the Federal Arbitration Act (FAA) provides that, when a district court finds an issue "referable to arbitration," the court "shall on application of one of the parties stay the trial of the action" pending arbitration. 9 U.S.C. § 3. At the time of the district court's decision, we interpreted § 3 to give courts discretion either to stay or to dismiss a case. *See Forrest v. Spizzirri*, 62 F.4th 1201, 1204–05 (9th Cir. 2023), *rev'd sub nom. Smith v. Spizzirri*, 601 U.S. 472 (2024). But during the pendency of this appeal, the Supreme Court clarified that § 3 is mandatory: when a party requests a stay in a dispute subject to arbitration, the district court has no discretion to deny it. *See Spizzirri*, 601 U.S. at 475–76. Thus, the district court, relying on now-overruled precedent, erred in denying Coinbase's request for a stay under § 3.

Coinbase's failure to file a timely cross-appeal does not prevent us from correcting that error. We have "broad power" to address an issue that was not cross-

appealed "as justice requires." *Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1085 (9th Cir. 2015) (quoting *Lee v. Burlington N. Santa Fe Ry. Co.*, 245 F.3d 1102, 1107 (9th Cir. 2001)). We exercise that discretion here because Coinbase "had no basis for filing a cross-appeal until after the deadline to do so had lapsed" and, given that both parties had the opportunity to brief and argue the stay issue after the Supreme Court decided *Spizzirri*, "no prejudice will result from our consideration of this issue." *Lee*, 245 F.3d at 1107 n.3, 1108.

We decline to reach Plaintiffs' challenge to the district court's order compelling arbitration. Under § 16 of the FAA, parties may appeal an order "refusing a stay of any action under section 3," 9 U.S.C. § 16(a)(1)(A), or "a final decision with respect to an arbitration," *id.* § 16(a)(3). But they usually cannot appeal an order "granting a stay . . . under section 3," *id.* § 16(b)(1), or "compelling arbitration," *id.* § 16(b)(3). So where, as here, "a district court dismisses a suit subject to arbitration even when a party requests a stay, that dismissal triggers the right to an immediate appeal where Congress sought to forbid such an appeal." *Spizzirri*, 601 U.S. at 478. Reaching the substance of Plaintiffs' challenge would contravene the FAA's structure and purpose. If Coinbase prevails at arbitration, and the district court does not vacate the resulting award, nothing precludes Plaintiffs from appealing at that time, as Congress intended. *See* 9 U.S.C. § 16(a)(1).

**VACATED IN PART and REMANDED.**