**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 11 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHELE D. MILLER,

Plaintiff - Appellant,

v.

LONGS DRUG STORES CALIFORNIA, LLC, doing business as CVS,

Defendant - Appellee.

No. 24-17

D.C. No.
2:22-cv-01150-JAD-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted February 7, 2025[**]
Phoenix, Arizona

Before: HAWKINS, CLIFTON, and BADE, Circuit Judges.

Plaintiff-Appellant Michele Miller appeals the district court's order

compelling her to engage in arbitration with her former employer, Defendant-

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellee Caremark LLC ("CVS"),[1] and dismissing her case. We have jurisdiction under 9 U.S.C. § 16(a)(3). We decline to reach the merits of Miller's challenge to the order compelling arbitration. Instead, we vacate the district court's order dismissing Miller's claims and remand for the issuance of a stay pending arbitration between Miller and CVS.

As subsequent legal developments have shown, the district court erred by dismissing Miller's case after determining that her claims were subject to arbitration. When the district court dismissed Miller's case, our circuit's caselaw held that "a district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration." *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014). But during the pendency of this appeal, the Supreme Court decided *Smith v. Spizzirri*, 601 U.S. 472 (2024), and held that "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the [Federal Arbitration Act ("FAA")] compels the court to stay the proceeding." *Id*. at 478 (citing 9 U.S.C. § 3).

The Court explained that "[i]f a district court dismisses a suit subject to arbitration even when a party requests a stay, that dismissal triggers the right to an

---

[1] Longs Drugs DBA CVS Health was incorrectly named as a party to this action. CVS represents, and Miller does not dispute, that it is the proper party.

immediate appeal where Congress sought to forbid such an appeal." *Id.*; *see also* 9 U.S.C. § 16(b)(1)–(3) (prohibiting interlocutory appeals of orders granting a stay pending arbitration and orders compelling arbitration). Once a stay is requested, prohibiting appeals of orders compelling arbitration until the completion of arbitration furthers "Congress's purpose in the FAA 'to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'" *Spizzirri*, 601 U.S. at 478 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983)).

Here, CVS moved to compel arbitration and to dismiss or stay Miller's case. As the parties conceded in supplemental briefing, because the district court determined that Miller's claims were subject to arbitration and CVS requested a stay, the district court had no discretion to dismiss Miller's case. *Id.* The precedents the district court relied upon in concluding that it had the discretion to dismiss Miller's claims are "clearly irreconcilable" with the "intervening higher authority" in *Spizzirri*. *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc).

Accordingly, we vacate the district court's order dismissing Miller's claims and remand for a stay pending arbitration. We express no opinion as to the merits of Miller's arguments.

24-17

**VACATED IN PART AND REMANDED.**[2]

---

[2] Each party shall bear its own costs on appeal. *See* Fed. R. App. P. 39(a)(4).