**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3586-23

NJ PROPERTYLINK, LLC,
DAVID VARCADIPANE and
LISA BARTLOW,

      Plaintiffs-Appellants.

v.

ADT CORPORATION, INTEL
VIDEO SURVEILLANCE
CORP., and R & J HOME
SERVICES, LLC.

      Defendants-Respondents.

_____

Argued May 13, 2025 – Decided June 3, 2025

Before Judges Gilson and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. L-0451-23.

Kevin D. Kelly argued the cause for appellants (Kelly & Ward, LLC, attorneys; Kevin D. Kelly, on the briefs).

Frantz J. Duncan argued the cause for respondent ADT Corporation, LLC (Shook, Hardy & Bacon LLP, attorneys; Frantz J. Duncan, on the brief).

Courtney E. Darmofal argued the cause for respondent Intel Video Surveillance Corp. (Goldberg Segalla LLP, attorneys; John M. McConnell, on the brief).

PER CURIAM

Plaintiffs NJ Propertylink, LLC (Propertylink), David Varcadipane, and Lisa Bartlow appeal from the June 20, 2024 order denying their motion to vacate the January 4, 2024 consent order compelling arbitration and staying the proceedings for 120 days.

We hold that the June 20, 2024 order is not a final order appealable as of right under Rule 2:2-3(a)(1), nor is it an order compelling or denying arbitration under Rule 2:2-3(b)(8), which would allow plaintiffs to appeal as of right. Because the June 20, 2024 order denying plaintiff's motion is not a final order, and plaintiffs did not seek leave to appeal the interlocutory order, we dismiss this appeal.

I.

On June 30, 2022, plaintiffs contracted with defendant ADT to install security monitoring devices on their property. The contract was signed by plaintiff David Varcadipane on behalf of Propertylink, agreeing to be bound by its terms. By agreement, ADT contracted with Intel Video Surveillance Corporation (Intel) to install the security cameras, and Intel contracted with

defendant R&J Home Services (R&J) to assist with the installation. After the installation was completed, plaintiffs allege that they began to experience serious issues with the installation, alleging the work was not properly performed, resulting in damages to the property.

On October 23, 2023, plaintiffs sued ADT. Shortly thereafter, ADT filed a motion to stay the proceedings in the Law Division and compel arbitration. On January 4, 2024, ADT and plaintiffs resolved ADT's motion by entering a consent order, agreeing to attend arbitration and staying the proceedings. The court included language staying the proceedings until May 4, 2024 pending the outcome of arbitration, and added:

> If the parties need or require additional time beyond May 4, 2024 for Arbitration to be completed a consent order may be submitted setting forth a specific date by which arbitration is to be completed.

On February 16, 2024, plaintiffs sent ADT a letter stating, "[w]hile we have no objection to arbitrating this matter, we do have an objection to arbitrating this matter in the fashion as called for in the contract." Plaintiffs argued the arbitration organizations identified in the contract were unacceptable and requested that arbitration be conducted locally. Defendants did not agree.

On March 27, 2024, ADT submitted a Demand for Arbitration to the American Arbitration Association ("AAA"). Shortly thereafter, plaintiffs

A-3586-23

advised of their intention to file a motion to vacate the consent order because (1) the arbitration provision in the contract is unenforceable; (2) the costs of arbitration are too great; (3) arbitration would not resolve all issues among the parties; and (4) the contract is only binding on Propertylink, not the individual plaintiffs. On May 8, 2024, ADT filed a motion to stay the proceedings until the Arbitration was completed and sought sanctions against plaintiffs.

On May 10, 2024, plaintiffs moved to vacate the January 4, 2024 consent order and invalidate the "unenforceable contract provisions." ADT and Intel filed opposition. All parties requested oral argument.

On May 24, 2024, the court denied ADT's motion to further stay the proceedings pending Arbitration and impose sanctions against plaintiffs. The court stated that there was "no automatic stay," and the parties may extend the stay if a date was provided.

On June 20, 2024, the court, without oral argument, issued an order, denying plaintiffs' motion to vacate the January 4, 2024 consent order, and attached an accompanying statement of reasons. The court denied relief for two reasons: (1) plaintiffs provided no basis, only conclusory statements, "to show the order is no longer equitable" under Rule 4:50-1, and (2) the arbitration provisions in the contract signed by plaintiffs stated the arbitration terms

4

"clearly and unambiguously," and plaintiffs failed to identify how the arbitration agreement was unenforceable.

Thereafter, ADT filed a motion for reconsideration of the May 24, 2024 order denying a further stay and sanctions. Intel filed a cross-motion seeking a stay of the Law Division case pending Arbitration. On August 16, 2024, the court denied Intel's cross-motion, noting that "no motion to dismiss ha[d] been filed;" and the court had already found the arbitration provision valid and enforceable.

The court issued two orders on November 8, 2024: (1) denying ADT's motion to remove the case from mandatory non-binding arbitration and (2) denying plaintiff's motion to enter default against defendant ADT. Both motions were "denied without prejudice pending resolution of the interlocutory appeal." On November 15, 2024, the Arbitrator issued a report concluding, in relevant part:

> There is inadequate information at this time to render an arbitration decision. Litigation pending at both the trial level and in the Appellate Division, the results of which will affect the issues of the case. In the event ADT is deemed not to have been removed from the case, it reiterates its prior position. As well, Intel also reiterates its prior position.

5

On appeal, plaintiffs challenge the enforceability of the arbitration provisions in the contract they entered with ADT. ADT contends that plaintiffs improperly filed this appeal. ADT asserts that because the June 20, 2024 order is an interlocutory order, plaintiffs were required to seek leave to appeal. Further, ADT argues that to the extent plaintiffs seek to vacate the January 4, 2024 consent order, their time to appeal this order has expired, and moreover, plaintiffs have no right to appeal an order to which they consented.

II.

At the outset, we address ADT's contention that plaintiff's appeal is an improper interlocutory appeal and must be dismissed. Plaintiffs contend that R. 2:2-3(b)(8) applies broadly to orders compelling or denying arbitration, and therefore, the June 20, 2024 order falls within the ambit of that Rule.

"Under Rule 2:2-3(a)(1), an appeal as of right may be taken to the Appellate Division only from a 'final judgment[,]'" which generally means that the order "must 'dispose of all claims against all parties.'" Janicky v. Point Bay Fuel, Inc., 396 N.J. Super. 545, 549–50 (App. Div. 2007) (quoting S.N. Golden Ests., Inc. v. Cont'l Cas. Co., 317 N.J. Super. 82, 87 (App. Div. 1998)). "[W]ith very few exceptions, only an order that finally adjudicates all issues as to all parties is a final order" appealable as of right. Grow Co. v. Chokshi, 403 N.J.

Super. 443, 457-58 (App. Div. 2008). "If an order is not a final judgment, a party must be granted leave to appeal by the Appellate Division." Janicky, 396 N.J. Super. at 550 (citing R. 2:2-4; R. 2:5-6(a)).

Rule 2:2-3 "also delineates various [interlocutory] orders that are deemed final." Wein v. Morris, 194 N.J. 364, 380 (2008). Relevant to this appeal, Rule 2:2-3(b)(8) provides that "orders compelling or denying arbitration, whether the action is dismissed or stayed," are treated as final orders and therefore are appealable as of right.

Plaintiffs seek to appeal from the June 20, 2024 order denying their motion to vacate the January 4, 2024 consent order and to invalidate the arbitration provisions in the contract with ADT. Plaintiffs argue that the January 4, 2024 consent order expired on May 4, 2024, when the parties had not agreed upon a new date by which arbitration was to be completed. We reject plaintiffs' assertion that the consent order expired on May 4, 2024.

Rather, the court imposed a 120-day time limit on the length of the stay of the Law Division case. The parties' intent in entering the consent order was to attend arbitration consistent with the terms of the contract, which they knowingly entered. There was no time limitation included in the consent order by the parties.

7

Furthermore, the trial court did not definitively address whether the order was a final order. For instance, in the court's statement of reasons explaining the denial of plaintiffs' motion to vacate the January 4, 2024 consent order, the court referenced Rule 4:50-1, which permits the court to relieve a party from a final judgment or order for specific, limited reasons. The court stated that plaintiffs cited subsections (a), (e) and (f) of Rule 4:50-1 as the basis for relief from the January 4, 2024 consent order. However, the court found plaintiffs' bare assertions insufficient to justify relief. There was no analysis in the statement of reasons as to whether the order was a final or interlocutory order. The January 4, 2024 order was not a final order. Indeed, later the court's November 8, 2024 orders denied the relief sought "without prejudice pending the resolution of the interlocutory appeal."

Regarding the applicability of R. 2:2-3(b)(8), the June 20, 2024 order neither compelled nor denied arbitration. Instead, the order denied plaintiffs' motion to vacate the January 4, 2024 consent order, requiring the parties to attend arbitration, and denied plaintiffs' requests to invalidate the arbitration provisions in the contract. Therefore, we hold that this otherwise interlocutory order does not fall within the scope of Rule 2:2-3(b)(8), which applies to orders

8

that compel or deny arbitration. Pressler & Verniero, Current N.J. Court Rules, ct. 1.2 on R. 2:2-3 (citing Wein v. Morris, 194 N.J. at 380).

We are satisfied that the June 20, 2024 order is not a final order because it does not resolve all issues in this matter, nor does it compel or deny arbitration. Because the June 20, 2024 order is not a final order, and plaintiffs did not seek leave to appeal this interlocutory order, we dismiss this appeal as improperly filed.

## III.

In light of our ruling, we need not address plaintiffs' remaining arguments concerning the enforceability of the arbitration provisions. Nevertheless, we offer guidance to the parties and the trial court regarding the applicable provisions of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, to these proceedings.

The Law Division action involves a dispute among plaintiffs, ADT, Intel and R&J Home Services, arising out of plaintiffs' purchase of a security system and its products from ADT and installed by Intel and R&J Home Services. ADT is a national company, doing business in multiple states, with an office in New Jersey and a main business location in Boca Raton, Florida. The subcontractors, Intel and R&J Home Services, hired by ADT, are New Jersey businesses.

9

Plaintiffs David Varcadipane and Lisa Bartlow are New Jersey residents. Propertylink is owned by David Varcadipane and is a limited liability company established in New Jersey. This action involves interstate commerce. Therefore, the FAA, which governs arbitration provisions involving interstate commerce, applies to the arbitration provisions in this matter.

In the "small business contract" entered into by plaintiffs and ADT, the parties agreed to arbitrate "all disputes between them . . . ." Paragraph F of the contract defines dispute as "any claim or controversy, including, but not limited to, initial claims, counterclaims, cross-claims and third-party claims, whether based in [contract, tort, fraud], intentional acts, violation of any statute, code or regulation, or other legal theory . . . ." Therefore, any claims plaintiffs may have regarding the enforceability of the contract's arbitration provisions are subject to arbitration.

Under the FAA, if parties are referred to arbitration in "any suit or proceeding," the court action shall be stayed "until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3. Section 3 of the FAA "overrides any discretion a [] court might otherwise have had to dismiss a suit when the parties agreed to arbitration." Smith v. Spizzirri, 601 U.S. 472, 477 (2024).

A-3586-23

The New Jersey Arbitration Act (the Act), N.J.S.A. 2A:23B-1 to -36, has a comparable provision. Specifically, N.J.S.A. § 2A:23B-7(g) requires that "[i]f the court orders arbitration," the court "shall stay any judicial proceeding that involves a claim subject to arbitration." Thus, under both the FAA and the Act, the appropriate judicial action when arbitration has been compelled, or agreed upon as in this case, is for the court to stay the litigation until arbitration is completed. See Antonucci v. Curvature Newco, Inc., 470 N.J. Super. 553, 567 (App. Div. 2022) (citing 9 U.S.C. § 3 which states "a court action should be stayed if the action involves 'any issue referable to arbitration'").

In summary, we dismiss plaintiffs' appeal as an improper appeal from an interlocutory order and remand for further proceedings consistent with this opinion.

Dismissed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

11