# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 24-3563

———————————————

H&T Fair Hills, Ltd., on behalf of themselves and all others similarly situated;
Norman Zimmerman, on behalf of themselves and all others similarly situated;
Donna Zimmerman, on behalf of themselves and all others similarly situated;
Steven Wherry, on behalf of themselves and all others similarly situated; Valerie
Wherry, on behalf of themselves and all others similarly situated; Robert Ruebel,
on behalf of themselves and all others similarly situated; Mary Ruebel, on behalf
of themselves and all others similarly situated; Larry Ruebel, on behalf of
themselves and all others similarly situated; Mark Hein, on behalf of themselves
and all others similarly situated; Debra Hein, on behalf of themselves and all others
similarly situated; Nicholas Hein, on behalf of themselves and all others similarly
situated

*Plaintiffs - Appellees*

v.

Alliance Pipeline L.P., also known as Alliance USA

*Defendant - Appellant*

————————

Appeal from United States District Court
for the District of Minnesota

————————

Submitted: June 12, 2025
Filed: September 4, 2025

————————

Before LOKEN, ERICKSON, and KOBES, Circuit Judges.

————————

ERICKSON, Circuit Judge.

Years ago, Alliance Pipeline L.P. ("Alliance") signed easements with landowners to obtain a right-of-way to install a natural gas pipeline across land in four states. Subsequently, numerous landowners commenced this class action alleging Alliance breached the easement agreements when it refused to pay for crop damages. The district court[1] certified a class consisting of all persons or entities with a land interest who, since 2014, were or are eligible for crop loss compensation. Seventy-three percent of the plaintiffs signed easements containing an arbitration provision. The others have no agreement compelling arbitration.

In a prior appeal, this Court ordered the district court to exclude from the class the members subject to an arbitration agreement (and dismiss these claims without prejudice). H&T Fair Hills, Ltd. v. Alliance Pipeline L.P., 76 F.4th 1093 (8th Cir. 2023). As to the class members without arbitration agreements, the Court suggested the claims proceed "in the normal course at the district court." Id. It naturally flows from this decision that on remand the district court would in effect create two subclasses—one subclass of members who must arbitrate their claims and another subclass of members who can continue to litigate their claims in the district court.

Consistent with this Court's decision, in November 2023, the district court dismissed the class members subject to an arbitration agreement. In May 2024, the plaintiffs filed a motion to reconsider based on the Supreme Court's decision in Smith v. Spizzirri, 601 U.S. 472 (2024).[2] Upon reconsideration, the district court concluded that Spizzirri is an intervening change in the law that occurred prior to the

---

[1] The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

[2] The Supreme Court in Spizzirri held: "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the Federal Arbitration Act compels the court to stay the proceeding." 601 U.S. at 478.

entry of judgment. Because <u>Spizzirri</u> made plain that a court does not have the discretion to dismiss claims on the basis that they are subject to arbitration, the district court reinstated and stayed the claims of landowners subject to arbitration agreements.

For some time now, everyone involved in this litigation appears to understand and acknowledge that some landowners must arbitrate the merits of their claims and some landowners can continue to litigate in the district court. The parties, however, have demonstrated a persistent resistance to having the merits decided in either forum. This appeal, once again, is a procedural challenge to the district court's handling of this drawn-out case that, while expensive and time-consuming, has no impact on the merits of any of the claims. Alliance also seeks a stay of the district court proceedings pending appeal.

With that background, we turn to our first task in any case which is to ensure we have jurisdiction over an appeal. <u>Hairston v. Wormuth</u>, 107 F.4th 867, 869 (8th Cir. 2024). Alliance appeals from the district court's order granting the plaintiffs' motion for reconsideration. The jurisdictional grounds for the appeal cited by Alliance are: 28 U.S.C. § 1294, which designates the appropriate court of appeals, and 9 U.S.C. § 16(a)(1)(B), which permits an appeal from an order "denying a petition under section 4 of this title to compel arbitration."

Alliance bears the burden of establishing we have jurisdiction. <u>Reinholdson v. Minnesota</u>, 346 F.3d 847, 849 (8th Cir. 2003). Although Alliance relies on 9 U.S.C. § 16(a)(1)(B), the decision Alliance asks us to review is not an order denying a petition to compel arbitration—either by title or in substance. At oral argument, when it was suggested by the Court that perhaps the collateral order doctrine may provide a possible jurisdictional basis, Alliance's counsel disavowed application of the doctrine, stating, "I guess, I think you don't need to get there, right, because you know there are arbitration agreements." Alliance has not pointed to any authority indicating the mere existence of an arbitration agreement provides an automatic right of immediate appeal. Because Alliance has not demonstrated a permissible basis for

-3-

us to exercise jurisdiction over the district court's reconsideration order, we lack the authority to decide the merits of this appeal.  See McAdams v. McCord, 533 F.3d 924, 929 (8th Cir. 2008).

We dismiss this appeal for lack of jurisdiction and deny Alliance's pending motion to stay as moot.

_____